SCHWARTZ, Judge.
The appellant, Avenada, Inc., was a post-judgment garnishee in the court below. It seeks review of a final money judgment entered against it and in favor of the original plaintiff-judgment creditor, the City National Bank of Lauderhill, upon the court’s granting of the plaintiff’s motion for judgment on the writ and answer. We reverse.
The record shows that after the bank had obtained a $61,835.42 judgment against Spartan Tile & Marble, Inc., it served a writ of garnishment on Avenada. On December 19, 1978, Avenada filed an answer to the writ which stated that it owed Spartan the sum of $34,920.00. The bank immediately moved for the entry of judgment in its favor in that amount and noticed a hearing on the motion for January 5,1979. On that date, 17 days after the original answer, Avenada filed an amended answer which stated that, in fact, the garnishee had various claims and set-offs against Spartan arising from an alleged breach of contract which reduced or eliminated the $34,920.00 amount it otherwise owed the defendant on a separate open account. The amendment therefore denied the indebtedness altogether.
Although the garnishee claimed the applicability of Fla.R.Civ.P. 1.190(a) and therefore contended primarily that it was entitled to file the amendment as of right, it also, “out of an abundance of caution,” sought leave of court to amend the answer. At the hearing, the trial court both declined to recognize the viability of the amended answer and denied the motion to amend. It therefore granted the bank’s motion for the entry of judgment for $34,920.00 in accordance with the original answer.
Reversal is required for two separate reasons. In the first place, the garnishee was entitled to amend its pleading at the time in question as of right. Fla.R. Civ.P. 1.190(a), which plainly is applicable to garnishment proceedings, Corbin v. St. Lucie River Co., 78 So.2d 396 (Fla.1955); Florida Power & Light Co. v. Crabtree Construction Co., Inc., 283 So.2d 570 (Fla. 4th DCA 1973); see Hauser v. Dr. Chatelier’s Plant Food Co., Inc., 350 So.2d 548 (Fla. 2d DCA 1977); Country Clubs of Sarasota, Ltd. v. Zaun Equipment, Inc., 350 So.2d 539 (Fla. 1st DCA 1977), provides:
(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty days after it is served. . . .
No responsive pleading is appropriate to an answer in garnishment and the cause below had not been placed on the trial calendar. By the plain terms of the rule, therefore, Avenada was permitted, as it did, to file its amended answer “as a matter of course” and without permission of court on January 5, 1979, less than 20 days after the initial answer had been served. 6 Wright and Miller, Federal Practice & Procedure, § 1480 (1971). We find no basis for the trial judge’s view that the 20 day period provided by the rule runs from the service of the writ, rather than, as is specifically *885 stated, from the service of the responsive pleading sought to be amended.
Furthermore, even if leave to amend were required, it was an abuse of discretion to deny the motion to do so, made, as was the one below, within a very short time after the commencement of the action and when the bank would have sustained no prejudice whatever had the motion been granted. Florida Power & Light Co. v. Crabtree Construction Co., Inc., supra, so held on facts essentially identical to those involved in this case. See also DeCarlo v. Sammons, 375 So.2d 351 (Fla. 3d DCA 1979); Greenburg v. Johnston, 367 So.2d 229 (Fla. 2d DCA 1979); Firestone Tire & Rubber Co. v. Thompson Aircraft Tire Corp., 353 So.2d 137 (Fla. 3d DCA 1977).
Since the amended answer was therefore properly before the court,[1] it was error to enter judgment upon the admission contained in the thus-superseded original one. The judgment under review is therefore reversed and the cause remanded for further consistent proceedings.
Reversed and remanded.

. The fact, as asserted by the appellee, that the amended answer may have been defective or inartfully drawn cannot justify the entry of a judgment which has the effect of disregarding the pleading entirely. See DeCarlo v. Sam-mons, supra, and cases cited; cf. Town of Co-reytown v. State, 60 So.2d 482 (Fla. 1952).