ALLEN, Judge.
The claimant appeals a workers’ compensation order by which she was found to be a volunteer worker for a private entity, so as to be excluded from the statutory definition of employee by section 440.02(13)(d)3, Florida Statutes (1991). We conclude that the claimant was a volunteer worker for a governmental entity, so as to be included in the definition of employee.
The claimant offered her volunteer services to a governmental entity which sent her to the private entity, with the understanding that the claimant would be referred back to the governmental entity. This arrangement was apparently undertaken by the governmental entity with the hope of avoiding workers’ compensation coverage by invoking section 440.02(13)(d)3, which provides that the statutory definition of employee does not include a “volunteer, except a volunteer worker for the state or a county, city or other governmental entity.”
In finding that the claimant was a volunteer worker for the private entity which referred her back to the governmental entity, the judge gave effect to the governmental entity’s apparent intent in this regard. But such intent does not resolve the question of *362 whether there was an employment relation with the governmental entity. See Herman v. Roche, 533 So.2d 824 (Fla. 1st DCA 1988). The claimant’s volunteer work was performed entirely for, and under the direction and control of, the governmental entity in circumstances closely analogous to the use of a worker obtained from a labor service. Such workers are routinely found to be employed by the entity for which the work is ultimately performed. See Maxson v. Air Products and Chemicals, 554 So.2d 1212 (Fla. 1st DCA 1990); Rumsey v. Eastern Distribution, 445 So.2d 1085 (Fla. 1st DCA), rev. denied, 451 So.2d 850 (Fla.1984). Because the pertinent indicia of employment resided with the governmental entity in the present case, the claimant should have been found to be a volunteer worker for the' governmental entity. As such, the claimant is within the statutory definition of employee under section 440.02(13)(d)3.
The order is reversed and the case is remanded.
BARFIELD and KAHN, JJ., concur.