690 So.2d 1367 (1997)
FLEMING COMPANIES, INC., an Oklahoma corporation, Appellant,
v.
Jorge MOREIRA and Anabel Moreira, Appellees.
No. 96-3079.
District Court of Appeal of Florida, Third District.
April 2, 1997.
*1368 Siegel & Diamond, and Glenn N. Siegel, Port Charlotte, for appellant.
Panter & Panter, and Mitchell J. Panter, Miami, for appellees.
Before GERSTEN, GREEN and SHEVIN, JJ.
PER CURIAM.
Appellant, Fleming Companies, Inc. ("Fleming"), appeals an adverse summary judgment in favor of appellees, Jorge Moreira and Anabel Moreira ("Moreira"). We reverse finding the trial court erred in denying Fleming tort immunity under the workers' compensation statute.
Jorge Moreira was hired by Regency Staffing, a temporary labor supply company, who then referred Moreira to Fleming. Fleming was charged a fee by Regency for leasing temporary employees which included payment and workers' compensation insurance. Regency also contractually surrendered all control regarding the details of the temporary worker's employment to Fleming.
In March of 1995, while working at the Fleming plant, Moreira was injured by a forklift. He collected workers' compensation benefits and then filed a complaint seeking damages from Fleming. Fleming asserted that the workers' compensation statute barred the action and both parties moved for summary judgment on the issue of immunity. In denying both motions, the trial court found Fleming was not entitled to civil suit immunity, because there remained genuine issues of material fact pertaining to the borrowed servant/workers' compensation defense.
Florida's workers' compensation law extends an employer's immunity from tort liability to the work related injuries of employees obtained through a "help supply services company." § 440.11(2), Fla. Stat. (1995). Florida courts consistently interpret this statute to apply to companies hiring workers through temporary employment agencies. See B.E.T. Plant Services, Inc. v. Dyer, 678 So.2d 841 (Fla. 3rd DCA 1996); Parker v. State Dep't of Health and Rehabilitative Services, 649 So.2d 361 (Fla. 1st DCA 1995). In Booher v. Pepperidge Farm, the Supreme Court of Florida granted immunity from a temporary employee's tort suit where the temporary employment agency provided workers' compensation coverage. 468 So.2d 985 (Fla.1985). The court also established that where the association between the employee and the special employer is in doubt, the actual employment relationship, and not the subjective intent of the parties, is controlling.
Here, Regency is in the business of supplying temporary help and provided workers' compensation coverage, thereby clearly falling under the terminology of Section 440.11(2). See Sagarino v. Marriott Corp., 644 So.2d 162 (Fla. 4th DCA 1994). Additionally, the actual employment relationship shows that Moreira consented to Fleming's control by using Fleming's equipment, asking Fleming's permission for overtime authorization, and accepting Fleming's orders over how and where to work. Moreover, Moreira worked in furtherance of Fleming's business, and exclusively for Fleming after being assigned there. Finally, Regency relinquished all control over Moreira's work while he was at Fleming.
Since no one had the power to control Moreira except Fleming, and since Moreira worked exclusively for Fleming and consented to their control, Moreira was for all intents and purposes a Fleming employee, and should be treated as such under the statute. See Rumsey v. Eastern Distribution Inc., 445 So.2d 1085 (Fla. 1st DCA), rev. denied, 451 So.2d 850 (Fla.1984).
Moreira's argument that special employer's in these cases should be exposed to tort liability belies the legislative intent in extending workers' compensation to special employers, and would discourage special employers from hiring temporary workers. This result would be unfair to the permanent employees *1369 of companies like Fleming. A temporary employee working in the same plant, over the same hours, with the same equipment, wearing the same uniform, and performing the same job as a permanent employee, should not have the ability to sue his employer in tort when his colleagues who are permanent employees cannot.
Accordingly, we hold that a temporary employee covered by his general employer's workers' compensation, but acting under the special employer's exclusive authority and control, is a borrowed servant of the special employer and thereby precluded by the Workers' Compensation Act from maintaining a tort action against the special employer. See Rumsey v. Eastern Distribution Inc., 445 So.2d at 1087; Maxson v. Air Products and Chemicals, Inc., 554 So.2d 1212 (Fla. 1st DCA 1990). The order under review is reversed and remanded with directions to enter judgment in favor of the appellant.
Reversed and remanded.