720 So.2d 588 (1998)
MAXSON CONSTRUCTION COMPANY, INC., a corporation, Appellant,
v.
Frank A. WELCH and Connie Welch, husband and wife, Appellees.
No. 97-05209.
District Court of Appeal of Florida, Second District.
October 16, 1998.
*589 Bonita Kneeland Brown of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Bill McCabe, Longwood, and John B. Cechman, Ft. Myers, for Appellees.
WHATLEY, Judge.
Maxson Construction Company appeals an order entered pursuant to a jury verdict finding that Frank Welch was not an employee of AMA Staff Leasing in this tort action for work-related injuries by Welch against Maxson. We have jurisdiction, Fla. R.App. P. 9.130(3)(C)(vi), and reverse.
Maxson and AMA, an employee leasing company, entered into a contract pursuant to which Maxson paid AMA a fee to take care of its payroll and provide benefits, including worker's compensation coverage, for Maxson's employees. When Maxson hired Welch, it had him sign documents which declared him to be an employee of AMA. Welch was injured while working on a Maxson project and received worker's compensation benefits through AMA. The benefits were provided pursuant to an order entered by a judge of compensation claims approving a stipulation for a lump-sum settlement of $85,000 between Welch, AMA, and AMA's worker's compensation carrier. The order approving the settlement lists Welch as the employee and AMA as the employer. The order states that AMA and its carrier are fully and forever discharged from liability under the worker's compensation law upon payment of the stipulated amount of benefits.
Welch then brought this action in tort against Maxson alleging that it was his employer and that he could bring this action against Maxson pursuant to section 440.11, Florida Statutes (1995), because it did not provide worker's compensation benefits for him.
Maxson filed an answer and affirmative defenses asserting that Welch's action was barred by the immunity provisions of the worker's compensation law, § 440.11(2). Maxson then filed two motions for summary judgment asserting that there was no genuine issue of material fact that it was immune from suit. Both motions were denied and, pursuant to a motion by Maxson requesting that the issue of worker's compensation immunity be tried separately and first, the case went to trial on that issue. The jury returned a verdict finding that Welch was not an employee of AMA. The trial court entered an order consistent with the verdict which declared that the worker's compensation immunity issue had been resolved in favor of Welch.
The trial court erred in denying Maxson's motions for summary judgment. The issue of who Welch's employer was should not have gone to a jury because Welch received worker's compensation benefits pursuant to a stipulation which listed AMA as his employer. This was appropriate because section 468.529(1) provides that "[a] licensed leasing company is the employer of the leased employees... and shall be responsible for providing compensation coverage pursuant to Chapter 440." Furthermore, employers such as Maxson which use employee leasing companies are immune from suit pursuant to section 440.11(2), which provides as follows:
(2) The immunity from liability described in subsection (1) shall extend to an employer and to each employee of the employer which utilizes the services of the employees of a help supply services company, *590 as set forth in Standard Industry Code Industry Number 7363, when such employees, whether management or staff, are acting in furtherance of the employer's business. An employee so engaged by the employer shall be considered a borrowed employee of the employer, and, for the purposes of this section, shall be treated as any other employee of the employer. The employer shall be liable for and shall secure the payment of compensation to all such borrowed employees as required in s. 440.10, except when such payment has been secured by the help supply services company.
The referenced section of the Standard Industry Code includes employee leasing company in the definition of a help supply services company.
Traditionally, employee leasing companies hire workers and then assign them to the employers. In this case, Maxson hired Welch and then had him sign documents which declared him to be an employee of AMA. This fact did not remove Maxson from the statutory immunity from suit provided by section 440.11(2). Maxson ensured that Welch had worker's compensation coverage by paying a fee to an employee leasing company to, among other things, provide that coverage. Welch received worker's compensation benefits for his injuries. Thus, the purpose of the worker's compensation law was served in accordance with statutory requirements, and Welch is not entitled to a second bite at the apple by suing Maxson in tort.
Accordingly, we reverse the order finding that Welch was not an employee of AMA and that the worker's compensation issues have been resolved in favor of Welch and remand with directions that the trial court dismiss Welch's action against Maxson with prejudice due to Maxson's immunity from suit under section 440.11(2).
Reversed and remanded.
QUINCE, A.C.J., and SALCINES, J., concur.