727 So.2d 348 (1999)
Sylvester CARAMICO, Appellant,
v.
ARTCRAFT INDUSTRIES, INC., etc., et al., Appellees.
No. 98-2073.
District Court of Appeal of Florida, Fifth District.
February 19, 1999.
David A. May of David A. May, P.A., Maitland, for Appellant.
Alan K. Fertel of Ferrell & Fertel, P.A., Miami, for Appellees.
GOSHORN, J.
Sylvester Caramico appeals a final judgment entered pursuant to a grant of summary judgment in favor of appellee Artcraft Industries, Inc. ("Artcraft"). We affirm.
Caramico injured his leg and back when he slipped and fell on a sanding disk cover while working on Artcraft's premises. Caramico had been hired by Administaff, Inc., a licensed employee leasing company, and had been leased to Artcraft to make cabinets. Caramico had signed a contract with Administaff evidencing the employment relationship and his assignment to Artcraft, and Administaff and Artcraft had an agreement between themselves providing that Administaff would provide workers' compensation coverage for the employees leased to Artcraft.
Caramico sought and received workers' compensation benefits from Administaff, and then he sued Artcraft for negligence on a premises liability theory. The circuit court granted summary judgment for Artcraft, finding that Artcraft was entitled to immunity from suit under subsection 440.11, Florida Statutes (1997). This section provides in part:
(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee ... except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee ... may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death....
(2) The immunity from liability described in subsection (1) shall extend to an employer and to each employee of the employer which utilizes the services of the employees of a help supply services company, as set forth in Standard Industry Code Industry Number 7363, when such employees, whether management or staff, are acting in furtherance of the employer's business. An employee so engaged by the employer shall be considered a borrowed employee of the employer, and, for the purposes of this section, shall be treated as any other employee of the employer. The employer shall be liable for and shall secure the payment of compensation to all such borrowed employees as required in s. 440.10, except when such payment has been secured by the help supply services company.
*349 Standard Industry Code Industry Number 7363 defines "Help Supply Services" to include, inter alia, employee leasing services, temporary help services, and labor pools.
After the briefs were filed in the instant appeal, the Second District decided Maxson Construction Co., Inc. v. Welch, 720 So.2d 588 (Fla. 2d DCA 1998), a case which is factually and legally indistinguishable from the case at bar. An employee leasing company had leased an employee to an employer, the employee was injured, and the employee sued the employer despite receiving workers' compensation benefits from the leasing company. The Second District, relying on subsection 440.11(2) and Standard Industry Code Industry Number 7363, held that the employer was immune from suit as specifically provided for in the statute.
Similarly, here Artcraft is immune from suit because of its use of the services of a help supply services company and the provision of worker's compensation benefits by that company, Administaff. This is the precise situation contemplated by and addressed in the statute, and the circuit court properly entered summary judgment.
Caramico also challenges the grant of Artcraft's motion to set aside the clerk's default entered against it early in the case. This point is without merit.
AFFIRMED.
DAUKSCH and ANTOON, JJ., concur.