840 So.2d 367 (2003)
James WATSON, Appellant,
v.
JOB CORP., and Res-Care, Inc., Appellees.
No. 3D02-1897.
District Court of Appeal of Florida, Third District.
March 12, 2003.
*368 James Watson, in proper person.
Wicker, Smith, O'Hara, McCoy, Graham & Ford, and Shelley H. Leinicke, for appellees.
Before SCHWARTZ, C.J., and SHEVIN, and RAMIREZ, JJ.
PER CURIAM.
James Watson appeals the entry of an adverse summary judgment in which his personal injury claim was barred by workers' compensation immunity. We affirm because Watson was a borrowed servant and his former employer is entitled to immunity from tort liability.
Nurse Finders, a temporary employment agency, placed Watson with Job Corp. to work as a nurse. Watson was later injured while on the job at Job Corp. and sued Job Corp. for negligence. The trial court granted summary judgment in Job Corp.'s favor, finding that Job Corp. was entitled to workers' compensation immunity.
Section 440.11(2), Florida Statutes (2002), extends an employer's immunity from tort liability to work related injuries of employees obtained through a help supply services company and also applies to companies that hire workers through temporary employment agencies. See B.E.T. Plant Servs., Inc. v. Dyer, 678 So.2d 841, 842 (Fla. 3d DCA 1996); Caramico v. Artcraft Indus., Inc., 727 So.2d 348, 349 (Fla. 5th DCA 1999). It is undisputed that Nurse Finders supplied Job Corp. with temporary help and that Watson was an employee under Job Corp.'s direction and control at the time he was injured. Watson was thus a borrowed servant of Job Corp.
Therefore, Job Corp. is entitled to the statutory employer immunity.
Affirmed.