854 So.2d 234 (2003)
CARIB OCEAN SHIPPING, INC., Appellant,
v.
Ismael ARMAS, Appellee.
No. 3D02-346.
District Court of Appeal of Florida, Third District.
September 3, 2003.
Sarnoff & Bayer and Neil Bayer, Coconut Grove, for appellant.
*235 James J. McNally, Coral Gables, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GODERICH, JJ.
SCHWARTZ, Chief Judge.
Carib Ocean Shipping, Inc. appeals from a substantial money judgment entered after a jury trial in favor of the plaintiff Armas, who was injured in an on-the-job accident caused by a co-worker's negligent operation of Carib's crane. We vacate for further proceedings because of the trial court's error and abuse of discretion in failing to permit the defendant to amend its answer so as to raise the potentially conclusive defense of workers' compensation immunity.

I.
Because (a) the plaintiff received comp benefits for his injuries as an employee of the Employer's Services Contract, Inc., a "help-supply services company," under section 440.11(2), Florida Statutes (2002), which also employed the person who improperly operated the crane, see Fleming Companies, Inc. v. Moreira, 690 So.2d 1367 (Fla. 3d DCA 1997); Caramico v. Artcraft Indus., Inc., 727 So.2d 348 (Fla. 5th DCA 1999); Maxson Constr. Co. v. Welch, 720 So.2d 588 (Fla. 2d DCA 1998), and (b) the only asserted basis of Carib's liability to the plaintiff (and thus for the judgment below) was its claimed vicarious liability for that negligence as the owner of the crane under the dangerous instrumentality doctrine, it appears, on the face of it, that this present action simply cannot be maintained. In several cases, the Supreme Court has squarely held that the owner of a dangerous instrumentality is immune from such liability. Commercial Coatings, Inc. v. Pensacola Concrete Constr. Co., 616 So.2d 960 (Fla. 1993)(crane);[1]Smith v. Ryder Truck Rentals, Inc., 182 So.2d 422 (Fla.1966)(motor vehicle); see Sherrill v. Corbett Cranes Servs., Inc., 656 So.2d 181 (Fla. 5th DCA 1995); see also Caramico, 727 So.2d at 348; Maxson, 720 So.2d at 588; Fleming, 690 So.2d at 1367. Nevertheless, neither the court nor jury even considered the merits of this issue below. This is because, as a result of what appellant's counsel concedes was pure negligence, the immunity defense was not pled, as required, in its answer. Although, shortly before the scheduled trial date, the appellant Carib moved to amend so as to assert the claim as an additional affirmative defense, the trial court denied the motion. We hold that this ruling was an abuse of discretion which compels vacation of the judgment below.
Florida Rule of Civil Procedure 1.190(e) specifically provides that:
At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading or record to be amended or material supplemental matter to be set forth in an amended or supplemental *236 pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
In accordance with the language of the rule itself, see generally Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Coop. Bank, 592 So.2d 302 (Fla. 1st DCA 1991)(general rule favors amendment), it is clear that the "interests of justice" are far better served by determining a case on its substantive merits, rather than a mistake in pleading. See Dole v. Arco Chemical Co., 921 F.2d 484 (3d Cir. 1990)(leave to amend complaint should be granted where no bad faith or dilatory amendment by defendant or undue prejudice to opposing party); General Electric Co. v. Sargent & Lundy, 916 F.2d 1119 (6th Cir.1990)(untimeliness of motion to amend on eve before trial to add defense of privilege no bar to dismissal of suit where no prejudice caused by delay); State Federal Sav. & Loan Ass'n v. W.M. Campbell, 848 F.2d 1186 (11th Cir. 1988)(leave to amend counterclaim day before trial permissible where no unfair surprise or prejudice by amendment); Estes v. Kentucky Utilities Co., 636 F.2d 1131 (6th Cir.1980)(discretionary to allow amendment of answer to assert workers' compensation recovery; delay alone insufficient reason to deny amendment); Howey v. United States, 481 F.2d 1187 (9th Cir.1973)(abuse of discretion to deny government's motion for leave to amend third party complaint against contractor for indemnification five years after filing); Lynam v. Foot First Podiatry Centers, 919 F.Supp. 1141 (N.D.Ill.1996)(discretionary with district court to grant leave to amend answer; interest of fair, quick determination of every issue over prejudice from delayed motion); Fireman's Fund Ins. Co. v. New York Mechanical Gen., Inc., 712 F.Supp. 312 (W.D.N.Y.1989)(denial of leave to amend answer to include affirmative defense of release for purpose of presenting real issues in case abuse of discretion); Rangolan v. County of Nassau, 51 F.Supp.2d 233 (E.D.N.Y.1999)(granting leave to amend complaint at close of evidence to add allegation of non-delegable duty in furtherance of justice); Cornell v. Chase Brass & Copper Co., 48 F.Supp. 979 (S.D.N.Y.1943)(motion for leave to serve amended answer to counterclaim to add statute of limitations defense properly granted where issue tried and decision on merits preferred), aff'd, 142 F.2d 157 (2nd Cir.1944); Lux v. Cox, 32 F.Supp.2d 92 (W.D.N.Y.1998)(delay in granting leave to amend answer to assert defense of release, central issue in case, no basis to deny amendment where no prejudice shown); Procter & Gamble Co. v. Nabisco Brands, Inc., 125 F.R.D. 405 (D.Del.1987)(amendment of complaint to assert new allegations facilitated decision on merits where not prejudicial and delay not undue); Anglo American Auto Auctions, Inc. v. Tuminello, 732 So.2d 1218 (Fla. 5th DCA 1999)(denial of leave to amend answer to include defense of statute of frauds at close of evidence abuse of discretion); Wayne Creasy Agency, Inc. v. Maillard, 604 So.2d 1235 (Fla. 3d DCA 1992)(denial of leave to amend abuse of discretion where proffered amendment demonstrates successful cause of action). While amendments may be denied when there is a sufficient showing of prejudice to the opposing party in preparing for the "new issue," see Designers Tile Int'l Corp. v. Capitol C Corp., 499 So.2d 4 (Fla. 3d DCA 1986), review denied, 508 So.2d 13 (Fla. 1987), it is clear that the "justice factor" more than outweighs any such prejudice[2] *237 including that which may have been caused by the fact that the motion to amend was not filed until shortly before trial.[3]Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225-26 (1962)("In the absence of any apparent or declared reasonsuch as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.the leave sought should, as the rules require, be "freely given."); Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc., 663 F.2d 419 (3d Cir.1981)(delay in and of itself insufficient basis for denial of motion to amend), cert. denied, 455 U.S. 1018, 102 S.Ct. 1714, 72 L.Ed.2d 136 (1982); Butcher & Singer, Inc. v. Kellam, 105 F.R.D. 450, 453 (D.Del.1984)(delay in permitting amendment of answer "insignificant when measured against ... interest in seeing a proper decision on the merits"); see Childers v. Mineta, 205 F.R.D. 29 (D.D.C.2001)(motion to amend complaint not unduly prejudicial where new claims bear significant relationship to original claims and do not radically alter nature and scope of litigation); Avenada, Inc. v. City National Bank, 375 So.2d 883 (Fla. 3d DCA 1979)(abuse of discretion to deny motion to amend answer where judgment creditor would sustain no prejudice). Thus, the order denying leave to amend is unsupported by any pertinent consideration.
For this reason, we remand the cause to the trial court with directions to permit the amendment of the answer to assert the defense of workers' compensation immunity, and for appropriate disposition of that issue by way of summary judgment or trial.[4]

II.
If the issue is determined by either method in favor of the defendant, judgment must be entered in its favor. Otherwise, the plaintiff's judgment should be reinstatedwith one qualification. Although we find no merit in any of the appellant's other claims of trial error so that a new one would not be required as to any non-immunity issue, we do disagree with the trial court's post-trial order setting *238 aside the jury's finding that the plaintiff was guilty of 20% comparative negligence and directing a verdict in his favor on that issue. In our view, the evidence as to the plaintiff's conduct at the time of the accident amply supported the jury's conclusion that he was guilty of a failure to exercise reasonable care for his own safety which was a partial cause of his injuries. See Langmead v. Admiral Cruises, Inc., 610 So.2d 565 (Fla. 3d DCA 1992); see also Carnival Cruise Lines, Inc. v. Levalley, 786 So.2d 18, 18, 20 (Fla. 3d DCA 2001), review denied, 814 So.2d 438, 439 (Fla. 2002). Hence, any judgment in the plaintiff's favor must be reduced by 20% as found by the jury.
Vacated, reversed and remanded with directions.
NOTES
[1] [A] worker injured by a leased dangerous instrumentality operated by a fellow worker is limited to no more recovery than that permitted by the worker's compensation statutes. The central rationale of Smith is that leased equipment used on a job site in effect has become the working tool of the employer. Thus, the exclusivity principle of worker's compensation comes to bear.

We see no reason why a different result should obtain in the present case. The only relevant differences between this case and Smith are that the dangerous instrumentality in this instance was informally borrowed.... We agree with the Fifth District that these differences are not sufficient to justify a different result than that in Smith.
Commercial Coatings, 616 So.2d at 963.
[2] Indeed, the plaintiff made no concrete showing to this effect at all. Furthermore, any prejudice which may be deemed to have existed ordinarily should be remedied, not by denial of the amendment, but by a continuance, see Batista v. Walter & Bernstein, P.A., 378 So.2d 1321 (Fla. 3d DCA 1980)(remedy for "surprise" is continuance, not disregard of newly raised issue), conditioned, if appropriate, upon the defendant's payment of any costs and expenses incurred by the plaintiff because of the delay. See Radecki v. Joura, 177 F.3d 694 (8th Cir.1997); Department of Children & Families v. M.G., 838 So.2d 703 (Fla. 5th DCA 2003); Flea Market, U.S.A., Inc. v. Cohen, 490 So.2d 210 (Fla. 3d DCA 1986). The trial judge recognized this fact by himself suggesting that a continuance of the trial was in order. Nevertheless, the motion to amend was denied after he unaccountably offered the plaintiff the option of choosing between a continuance or a denial of the motion to amend. The fact that the motion was denied only after the plaintiff, quite unsurprisingly, chose that option further demonstrates the incorrectness of the ruling in question. Finally, it should go without saying that the fact that the proposed amendment raises an issue that, on the merits, may constitute a complete defense to the cause of action "is not the type of prejudice that is considered by the court in making its determination in this matter." Lynam, 919 F.Supp. at 1149 n. 7.; cf. Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery, 72 F.R.D. 556 (S.D.N.Y.1976).
[3] See generally Noble v. Martin Memorial Hosp. Ass'n, 710 So.2d 567 (Fla. 4th DCA 1997)(liberality in allowing amendment diminishes as case progresses to trial), review denied, 718 So.2d 169 (Fla.1998).
[4] As indicated below, any subsequent trial will be limited to the immunity issue.