950 So.2d 472 (2007)
CITY OF HOLLYWOOD, Appellant,
v.
DIAMOND PARKING, INC., and Diamond on the Beach, Inc., Appellees.
No. 4D05-4728.
District Court of Appeal of Florida, Fourth District.
February 21, 2007.
Rehearing Denied March 29, 2007.
*473 Daniel L. Abbott, Hollywood, Jamie Alan Cole and Douglas R. Gonzales of Weiss Serota Helfman Pastoriza Cole & Boniske, P.A., Fort Lauderdale, for appellant.
Martin B. Woods and Marissa D. Kelley of Stearns Weaver Miller Weissler Alhadeff & Sitterson, P.A., Fort Lauderdale, for appellee.
KLEIN J.
The city appeals a judgment awarding damages of one million dollars because it breached contracts with a developer involving a lease of beach property for the construction and operation of a hotel and other commercial enterprises. The city argues that the trial court erred in not admitting evidence relating to the financing commitment, which the developer was required to have in order to comply with the contracts. We reverse for a new trial.
The lease and development agreements were executed on August 29, 1997, and the agreements required the developer to have obtained a financing commitment for the project, which was estimated to cost forty million dollars, within one year, or either party could terminate. On the last day of the one year period, August 31, 1998, the developer delivered what purported to be a commitment from GMAC Commercial Mortgage Corporation; however, the commitment contained the following conditions in bold letters:
IN ADDITION TO ANY OTHER CONDITIONS PRECEDENT SET FORTH HEREIN, THIS CONDITIONAL COMMITMENT IS EXPRESSLY SUBJECT TO THE APPROVAL OF THE CONSTRUCTION LOAN COMMITTEE OF GMAC COMMERCIAL MORTGAGE CORPORATION WHICH MAY BE GIVEN OR WITHHELD IN LENDER'S SOLE DISCRETION.
* * *
LENDER MAY AT ANY TIME, FOR ANY REASON OR NO REASON, TERMINATE THE PROCESSING OF THIS CONDITIONAL COMMITMENT . . .
Because the commitment did not bind GMAC, the city believed it was entitled to terminate the contracts, and after several months, did so. In this lawsuit which followed, the developer alleged that the city had breached the contracts and obtained a partial summary judgment based on the failure of the city to give the developer notice and an opportunity to cure any defect *474 in the commitment. The development agreement provided:
Each of the following events shall be an "Event of Default" here under:
(a) an Event of Default under the Ground Lease . . . which results in a termination thereof;
(b) if Developer shall default in the observance or performance of any material term, covenant or condition of this Agreement on Developer's part to be observed or performed and, if no cure period is expressly provided for herein, Developer shall fail to remedy Default within thirty (30) days after written notice by Owner of such Default (the "Default Notice") . . .
* * *
Notwithstanding the foregoing, no Event of Default shall be deemed to have occurred until such time as Owner shall have given Developer an Event of Default Notice . . .
The city argues that, because there was a specific period of one year in which the developer could provide the commitment, the defect in the commitment was not a default under the above quoted provisions. The commitment was, however, a "material term, covenant or condition," as provided in paragraph (b) above. We cannot agree with the city that it was not required to give notice and an opportunity to cure defects in the commitment.
We do agree with the city, though, that the trial court erred in excluding evidence involving the commitment. When the developer delivered the commitment to the city on the last day, it represented to the city that it had paid the one hundred thousand dollar financing commitment fee to GMAC, which was required by the commitment. When the city asked the developer for a copy of the check, the developer furnished the city with a copy of a check dated August 28, 1998, without disclosing that the check had not been delivered to GMAC until September 14, 1998, which was beyond the one year period. Nor did the developer disclose to the city that on October 21, 1998, GMAC withdrew the financing commitment and returned the check uncashed to the developer. In addition, the developer corresponded with the city on October 22 and December 2, 1998, in regard to what GMAC would or would not accept as part of the financing commitment, without disclosing that the commitment had been withdrawn. This information did not become known to the city until the city obtained it during discovery in this lawsuit. These facts were relevant to the issue of whether the developer met the one year deadline for the commitment.
The city also argues that the trial court erred in denying its motion to amend its answer to raise an additional defense of fraudulent misrepresentation by the developer as to the ownership interests in the developer. The motion to amend was filed three months before the trial date, but by the time it was heard, it was beyond the trial date and the case had neither been tried nor reset. Although the question is close, and we might not have reversed the denial of the motion to amend, if we were not reversing for another reason, we conclude that the amendment should be allowed on remand so that this case may be resolved on the merits. Carib Ocean Shipping, Inc. v. Armas, 854 So.2d 234 (Fla. 3d DCA 2003) (interests of justice were far better served by determining a case on its substantive merits, rather than a mistake in pleading).
Reversed.
HAZOURI and MAY, JJ., concur.