956 So.2d 1283 (2007)
ST. LUCIE FALLS PROPERTY OWNERS ASSOCIATION, Appellant,
v.
James MORELLI, Appellee.
No. 4D06-3689.
District Court of Appeal of Florida, Fourth District.
June 6, 2007.
June Galkoski Hoffman of Fowler White Burnett P.A., Miami, for appellant.
No brief on behalf of appellee.
WARNER, J.
St. Lucie Falls Property Owners Association appeals a non-final order granting the injured plaintiff's motion for summary judgment on the issue of workers' compensation immunity, thus precluding the Association from asserting that defense at trial. We have jurisdiction, Fla. R.App. P. 9.130(a)(3)(C)(v), and we reverse because there are genuine issues of material fact remaining.
In April 2000, the plaintiff, James Morelli, was injured in the course and scope of his duties while working as a maintenance technician on the property of the Association. The "first report of injury" described the incident and listed Morelli's employer as "ADP Total Source/Advantage Property Management." ADP Total Source is an employee leasing service, and Advantage Property Management provides management services for property owners' associations.
Morelli filed a claim for workers' compensation benefits against "ADP Total Source/Advantage" and received a lump-sum *1284 settlement. Thereafter, he brought a negligence action against the Association to recover damages arising from the accident. In the Association's answer to the complaint, the Association raised a defense of workers' compensation immunity.
The affidavits and deposition testimony revealed that Advantage managed the Association's property at the time of the accident. In early 2000, the Association notified Advantage that a maintenance worker was needed on the premises. Advantage placed an advertisement for the open position. Morelli was initially interviewed by the Association's "on-site" property manager, who was an Advantage employee. Additionally, the Association's Board of Directors interviewed Morelli before he was hired for the position.
Morelli was not directly hired by the Association. Instead, he signed an agreement with ADP Total Source. Under the agreement, Morelli agreed to abide by the direction and supervision of "the Client" in regard to the day-to-day management of his duties. When he was hired, Morelli also received a "Verification of Employment" document which stated that Advantage was "the Client." After he began work, Morelli was on ADP Total Source's payroll. However, the Association paid Advantage for Morelli's wages, plus a markup fee of 31% to cover workers' compensation insurance, unemployment taxes, and the like. Advantage then reimbursed ADP Total Source for its payroll expenses for Morelli. The Association did not directly contract with ADP Total Source.
It is undisputed that Morelli worked forty hours per week at the Association's premises and did not work at any other locations. In Morelli's deposition, he explained that the property's "on-site" manager from Advantage would make a list of tasks for him to do. However, he acknowledged that members of the Association would also give him directions for work.
Initially, the Association moved for summary judgment on the issue of workers' compensation immunity, which the trial court denied. Later, Morelli moved for summary judgment on the immunity issue, seeking to preclude the Association from raising the defense of workers' compensation immunity at trial. The trial court granted Morelli's motion, concluding that, as a matter of law, the Association was not entitled to workers' compensation immunity. This appeal follows.
The standard of review of an order granting summary judgment is de novo. See, e.g., Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). In order to carry its burden on a motion for summary judgment, the movant must show conclusively the absence of any genuine issue of material fact. Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30 (Fla.1977). "If the evidence raises any issue of material fact, if it is conflicting, if it will permit different reasonable inferences, or if it tends to prove the issues, it should be submitted to the jury as a question of fact to be determined by it." Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985).
On appeal, the Association argues that there are genuine issues of material fact remaining as to whether the Association is entitled to workers' compensation immunity under section 440.11(2), Florida Statutes, or under the common law "borrowed servant" doctrine. We agree.
Section 440.11(2), Florida Statutes (1999), provides that workers' compensation immunity:
shall extend to an employer and to each employee of the employer which utilizes the services of the employees of a help supply services company, as set forth in *1285 Standard Industry Code Industry Number 7363, when such employees, whether management or staff, are acting in furtherance of the employer's business. An employee so engaged by the employer shall be considered a borrowed employee of the employer, and, for the purposes of this section, shall be treated as any other employee of the employer. The employer shall be liable for and shall secure the payment of compensation to all such borrowed employees as required in s. 440.10, except when such payment has been secured by the help supply services company.
A "help supply services company" is defined by OSHA Standard Industry Code Industry Number 7363, as:
Establishments primarily engaged in supplying temporary or continuing help on a contract or fee basis. The help supplied is always on the payroll of the supplying establishments, but is under the direct or general supervision of the business to whom the help is furnished.
See Sagarino v. Marriott Corp., 644 So.2d 162, 165 (Fla. 4th DCA 1994). Further, the OSHA Standard Industry Code lists employee leasing services, temporary help services, and labor pools as examples of help supply services companies. See Caramico v. Artcraft Indus., Inc., 727 So.2d 348, 349 (Fla. 5th DCA 1999).
In this case, while ADP Total Source was an employee leasing service, there was no direct contractual relationship between the Association, which asserted worker's compensation immunity, and ADP Total Source. Instead, Advantage became an intermediary, which in turn contracted with ADP Total Source. The trial court reasoned that section 440.11(2) would not apply to the Association because Advantage was acting as a "middleman." We acknowledge that in each of the cases holding that an employer was entitled to immunity under section 440.11(2), there appears to have been a direct contractual relationship between the defendant and the help supply services company. See, e.g., Watson v. Job Corp., 840 So.2d 367, 368 (Fla. 3d DCA 2003) ("It is undisputed that Nurse Finders supplied Job Corp. with temporary help and that Watson was an employee under Job Corp.'s direction and control at the time he was injured."); see also Caramico v. Artcraft Indus., Inc., 727 So.2d 348, 348 (Fla. 5th DCA 1999); Maxson Constr. Co. v. Welch, 720 So.2d 588, 589 (Fla. 2d DCA 1998). However, we disagree with the trial court's conclusion that section 440.11(2) could not, as a matter of law, apply to these facts.
Unpacking the standard in section 440.11(2), the employer must 1) utilize the services, 2) of an employee of a help services supply company, 3) acting in furtherance of the employer's business. Contractual privity between the help supply services company and the party claiming to be the employer is not a requirement under the statute. Accordingly, summary judgment was improper in this case, as there are competing inferences from the record. One view of the evidence supports a conclusion that Morelli was acting in furtherance of Advantage's business, and he was ultimately under the control of the property manager, an Advantage employee, even though some members of the Association instructed him on some work. However, a reasonable alternative view of the evidence is that Advantage was used solely as a conduit for payment purposes and did not exercise control over Morelli. Under this view of the evidence, the Association utilized the services of an employee of a help services company in furtherance of the Association's business. Consequently, there is a genuine issue of material fact as to whether Morelli was the Association's *1286 borrowed employee under section 440.11(2).
Apart from section 440.11(2), there is also a genuine issue of fact as to whether Morelli was the Association's "borrowed servant" under the common law. Long before the enactment of the statutory special employment provision for employees of help supply services companies, the common law recognized the "borrowed servant" doctrine. See Shelby Mut. Ins. Co. v. Aetna Ins. Co., 246 So.2d 98 (Fla.1971). Under this doctrine, a presumption arises that the employee's general employment has continued, which may be overcome by a showing that the employer has "lent" its employee to a new special employer. Horn v. Tandem Health Care of Florida, Inc., 862 So.2d 938, 940 (Fla. 2d DCA 2004); Shelby, 246 So.2d at 101. In order to overcome this presumption, the party claiming to be an employee's "special" employer must establish that: (1) there was a contract for hire, either express or implied, between the special employer and the employee; (2) the work being done at the time of the injury was essentially that of the special employer; and (3) the power to control the details of the work resided with the special employer. Shelby, 246 So.2d at 101 n. 5. Viewing the evidence in the light most favorable to the Association, there remains a genuine issue of fact as to whether the Association was entitled to workers' compensation under the common law "borrowed servant" doctrine.
Because the trial court erred in granting summary judgment on the issue of workers' compensation immunity, we reverse and remand for further proceedings.
Reversed.
KLEIN and HAZOURI, JJ., concur.