# Third District Court of Appeal
## State of Florida

Opinion filed February 15, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0145
Lower Tribunal No. 18-10044 SP
_____

**GEICO General Insurance Company**,
Appellant,

vs.

**A & C Medical Center, Inc., a/a/o Radhames De Jesus**,
Appellee.

An appeal from the County Court for Miami-Dade County, Gloria Gonzalez-Meyer, Judge.

Smith, Gambrell & Russell LLP, Kristen L. Wenger, John P. Marino, and Drew Krieger (Jacksonville), for appellant.

Law Offices of Jose R. Iglesia, LLC, and Mari Sampedro-Iglesia, for appellee.

Before FERNANDEZ, C.J., and LINDSEY, and MILLER, JJ.

MILLER, J.

Appellant, GEICO General Insurance Company, challenges a final judgment awarding no-fault personal injury protection ("PIP") benefits to appellee, A & C Medical Center, a medical provider, following a summary judgment hearing. On appeal, GEICO contends the denial of its motion for leave to amend its answer and assert the affirmative defenses of res judicata and collateral estoppel after it obtained a favorable declaratory judgment in federal court constituted an abuse of discretion. Finding that A & C failed to demonstrate "a clear danger of prejudice, abuse, or futility," we reverse. RV-7 Prop., Inc. v. Stefani De La O, Inc., 187 So. 3d 915, 916–17 (Fla. 3d DCA 2016).

## BACKGROUND

Following an automobile accident, A & C filed suit under an assignment of benefits seeking reimbursement for medical services purportedly rendered to Radhames De Jesus, a GEICO insured. GEICO answered and raised two affirmative defenses: (1) the failure to satisfy the elected deductible; and (2) payment rendered at the permissible reimbursement rates. After the pleadings closed, A & C noticed the case for jury trial.

Shortly thereafter, GEICO filed a federal declaratory action against A & C and fourteen other medical providers. In the federal complaint, GEICO alleged A & C engaged in unlawful billing practices. The complaint contained

2

counts for violations of section 501.201 <u>et seq.</u>, Florida Statutes (2018), the "Florida Deceptive and Unfair Trade Practices Act," common law fraud, and unjust enrichment and GEICO specifically sought a declaration that A & C had "no right to receive payment for any pending bills." A & C failed to respond to the complaint, and GEICO obtained a default final judgment.

In the interim, the state court suit remained stagnant, and A & C filed a succession of further jury trial notices. No trial date was forthcoming, and A & C eventually moved for summary judgment on the basis that the medical expenses incurred were reasonable, related, and medically necessary.

While the summary judgment motion was pending, GEICO sought to amend its answer to add res judicata and collateral estoppel as affirmative defenses. The trial court convened a hearing on the summary judgment motion, at the conclusion of which it denied leave to amend and granted summary judgment. The instant appeal ensued.

## ANALYSIS

We review an order denying a motion for leave to amend for an abuse of discretion. <u>Santos v. Flores</u>, 116 So. 3d 518, 520 (Fla. 3d DCA 2013). Under such a standard, ordinarily, "if reasonable men [or women] could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion."

3

Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980). Amendments to the pleadings are viewed through a different lens. In this regard, our review is guided by bedrock principles articulated in our precedent.

Under Florida law, leave to amend "shall be given freely when justice so requires," and all doubts are generally resolved in favor of granting such a motion. Fla. R. Civ. P. 1.190(a); DiGiacomo v. Mosquera, 322 So. 3d 734, 738 (Fla. 3d DCA 2021). Resultantly, the "refusal to allow amendment of a pleading constitutes an abuse of discretion unless allowing the amendment 'would prejudice the opposing party, the privilege to amend has been abused, or amendment would be futile.'" Pangea Produce Distribs., Inc. v. Franco's Produce, Inc., 275 So. 3d 240, 242 (Fla. 3d DCA 2019) (quoting JVN Holdings, Inc. v. Am. Const. & Repairs, LLC, 185 So. 3d 599, 601 (Fla. 3d DCA 2016)).

This rule of liberality, however, diminishes as the case progresses to trial. See Noble v. Martin Mem'l Hosp. Ass'n, 710 So. 2d 567, 568–69 (Fla. 4th DCA 1997) (holding trial court properly exercised its discretion in denying motion for leave to amend when "four years and four complaints passed with no request for injunctive relief"); Jain v. Buchanan Ingersoll & Rooney PC, 322 So. 3d 1201, 1206 (Fla. 3d DCA 2021) (denying motion for leave to amend when sought after trial court orally granted summary judgment);

4

Toscano Condo. Ass'n v. DDA Eng'rs, 274 So. 3d 487, 491 (Fla. 3d DCA 2019) (finding no abuse of discretion in denying leave to amend when leave granted three times prior and new claim was not asserted "until more than two years after the filing of the complaint and more than six months after the trial court conducted its case management conference").

Here, GEICO moved to amend the answer for the first time before the summary judgment hearing. The defenses, as penned, were facially viable. There was no showing the parties engaged in protracted discovery, and the case was not set for trial. Consequently, the record is devoid of any indication of "danger of prejudice, abuse, or futility." See RV-7 Prop., 187 So. 3d at 917.

A & C argues that a fourteen-month-delay between the time GEICO obtained the federal default judgment and filed the motion for leave to amend supports the ruling below. Absent bad faith or dilatory tactics, this court and others have declined to impute prejudice on a time delay alone. See Carib Ocean Shipping, Inc. v. Armas, 854 So. 2d 234, 235–36 (Fla. 3d DCA 2003); see also Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of V. I., Inc., 663 F.2d 419, 426–27 (3d Cir. 1981); Lux v. Cox, 32 F. Supp. 2d 92, 97–98 (W.D.N.Y. 1998); Gen. Elec. Co. v. Sargent & Lundy, 916 F.2d 1119, 1131 (6th Cir. 1990); State Fed. Sav. & Loan Ass'n of Lubbock v. Campbell, 848 F.2d 1186,

1188–89 (11th Cir. 1988).  Accordingly, we reverse the final judgment and remand with instructions to allow the proposed amendment.

Reversed and remanded.