66 So.2d 686 (1953)
CARTINHOUR
v.
HOUSER et al.
Supreme Court of Florida, Special Division A.
July 28, 1953.
H.N. Boureau and Shutts, Bowen, Simmons, Prevatt & Julian, Miami, for appellant.
Copeland, Therrell & Baisden, Miami Beach, for appellees.
DREW, Justice.
This appeal presents the sole question of whether the lower Court was correct in holding that the following provisions of the will of Ella T. Gullette did not violate the rule against perpetuities:
"`Item Four: I hereby give, grant, devise and bequeath unto the said Roosevelt C. Houser, as trustee for the purposes hereinafter set forth and contained, all of the remainder and residue of my property, real, personal and mixed, wheresoever and whatsoever whether in esse or in future, *687 after the payment of those items mentioned in Item One of this Will.'
"`Item Six: It is my express will and desire that my executor and trustee shall collect all interest falling due as the same shall become due and payable upon any mortgages, bonds or promissory notes, payable to me or in which I have any interest, and also all dividends upon the outstanding stocks in any corporation whatsoever which I may own and the income and proceeds arising therefrom to be paid to my sister, Julia T. Cartinhour, as long as she lives, and upon her death the income to be paid to my nephew, Gaines T. Cartinhour and my niece, Eleanor C. Goodman, equally, within not less than ten (10) years after the death of said Julia T. Cartinhour.
"`Item Seven. With reference to interest which I have in property situate in Miami, Dade County, Florida, it is my desire that these properties be kept intact for a period of not less than ten (10) years after my death and the death of my sister, Julia T. Cartinhour, together with any funds which are invested in mortgages, unless in the discretion of the trustee it seems advisable that one or more of them should be sold because of changing conditions in the city of Miami, and as long as they are operated profitably and that the net income from said properties and estate as above mentioned, after paying necessary administration expenses, trustee fees or other items which may be necessary from time to time to maintain said estate, is to be paid over and delivered to my sister, Julia T. Cartinhour as long as she lives and my said executor is herein and hereby authorized to make such distribution monthly, quarterly or semi-annually as in his discretion seems advisable.
"`Item Eight. In the event of the death of my sister, Julia T. Cartinhour, the income would then go to my niece, Eleanor C. Goodman, and my nephew, Gaines T. Cartinhour. In the event of the death of Eleanor C. Goodman before the distribution of my estate, her one-half interest is to go to her child or children. In the event of the death of Gaines T. Cartinhour before the distribution of my estate, his one-half interest is to go to his wife, June, and the child or children of Eleanor C. Goodman, a one-half interest being set up for June Cartinhour and the remaining one-half interest of his estate to go to the child or children of Eleanor C. Goodman. It is my intention that all of my properties, real, personal and mixed, be kept intact for a period of not less than ten (10) years or longer in the discretion of the executor or trustee, from the date of my death and the death of my sister, Julia T. Cartinhour, and that at the end of said ten (10) years, if in the discretion of the executor or trustee, the estate should be distributed, and that Eleanor C. Goodman and Gaines T. Cartinhour are still living and in good health and possessed of all their normal faculties, that my estate should finally be distributed to them in equal parts, share and share alike, provided that the said Julia T. Cartinhour is to have the entire income from my estate as long as she lives.'"
In Story v. First Nat. Bank & Tr. Co., 115 Fla. 436, 156 So. 101, 104, the common law rule against perpetuities, which prevails in this State, was summarized in the following language:
"Under the rule against perpetuities, the vesting of an estate under a will or deed can be postponed no longer than a life or lives in being and twenty-one years plus the period of gestation. * * *"
See also Adams v. Vidal, Fla., 60 So.2d 545.
It is admitted in the record that Julia T. Cartinhour, the sister of Ella T. Gullette, predeceased her, therefore all references to her in the will  so far as the question before us is concerned  may be eliminated except insofar as necessary to ascertain the intention of the testatrix in the distribution of her estate. The record also establishes the fact that at the time of the death of Ella T. Gullette her nephew, Gaines T. Cartinhour, her niece, Eleanor C. Goodman, the children of the niece and the wife of the nephew, were living.
The highest duty of the courts and the most fundamental rule of the testamentary construction, is to give effect to the will of the testator  to ascertain from *688 every provision of the will, read as a part of a general plan, what the testator intended to do  and after this intention has been ascertained  to give effect to it unless some settled principle of law or public policy is violated. While we should never be hesitant to apply such principles of law or public policy when they render the will invalid  we should always seek to uphold rather than destroy the will and we indulge every legal presumption to do so. In Story v. First Nat. Bank & Tr. Co., 115 Fla. 436, 156 So. 101, 107, this court said:
"The act of striking down a will is no trivial matter. One who assumes this burden is confronted at the threshold with the presumption that the will is valid; that every presumption must be indulged in favor of its validity; that it must be upheld unless it clearly violates some rule of law or public policy; and that, if possible, effect must be given to the intent of the testator. The fact that the will is disappointing to the beneficiaries, is inequitable, works an injustice on them, and is far from what they would like to have had made, is no ground for setting it aside."
See also Sorrells v. McNally, 89 Fla. 457, 105 So. 106.
With these principles in mind, we now turn to the provisions of the will of the deceased.
If the last sentence of Item Eight is read first  or even if in reading the first three sentences of Item Eight the content and context of the last sentence is borne in mind  it seems quite clear to us that the phrases "her one-half interest" and "his one-half interest" refer to both principal and income and not to income alone as contended by appellant. In this last sentence of Item Eight it seems to be abundantly clear that the testatrix' intention was to leave her estate in equal parts to her niece and nephew. In fact, no other logical result can be reached when we read the will as a whole. When so construed, the interests of the niece and nephew vest upon the death of testatrix. Possession, however, is withheld for the period of not less than ten years.
If, in the discretion of the Trustee, the niece and nephew are living and in good health and possessed of all their normal faculties at the end of said ten year period, the estate shall then be distributed to them. We hold that the discretion vested in the Trustee is limited to determining whether the niece and nephew "are * * * in good health and possessed of all their normal faculties." The right to exercise this discretion would naturally expire on the death of the niece and nephew. In no event could the Trustee extend the time for distribution beyond the life of the nephew and niece. We further think it clear from the will that if either the nephew or niece should die before distribution, his or her one-half interest in the corpus of the estate would vest immediately in the persons named in the first two sentences of Item Eight of the will, namely, in the children of the niece in the event of her death and in the wife of the nephew and children of the niece in the ratio named in the event of the death of the nephew. So construed, all gifts under the will vest within the period fixed in the rule against perpetuities. The gifts to the niece and nephew (lives in being at the time of testatrix' death) at the death of the testatrix and those to the children of the niece and the widow of the nephew vested not later than the death of the surviving niece or nephew. Such construction of the will does not do violence to the language thereof and carries out the obvious intent of the testatrix.
Moreover, we think this construction is clearly supported by the well established rule that the law favors the early vesting of interests created. In Story v. First Nat. Bank & Tr. Co., supra, we said:
"The law favors the early vesting of estates, and, in the absence of a clear intention of the testator to the contrary, estates are held to vest at the earliest possible date. If a will is fairly susceptible of two constructions, one of which would turn it into an illegal perpetuity and the other make it valid and operative, the latter should be *689 adopted, as the law presumes that the testator intended to make a binding will. * * *" (Emphasis added.)
We think that under the rule just quoted the enjoyment of the income by the niece and nephew during the period before distribution supports the conclusion we have reached and is a strong indication of the vesting of the corpus in such niece and nephew on the testatrix' death.
Sorrells v. McNally, supra, presented a situation very much akin to that we are here considering. In that case we said, in discussing the rule of law by which a gift of principal is construed as vested because the same legatee also receives a gift of income pending distribution of principal, that "the strongest argument against contingency and in support of the early vestiture of devises, no contrary intent being shown, is the fact of the provision for enjoyment of the income by the legatee prior to coming in possession of the inheritance." Text 89 Fla. pages 467, 468, 105 So. page 110.
We conclude that the provisions of the will quoted herein do not violate the rule against perpetuities, therefore, the decree of the lower Court is hereby
Affirmed.
ROBERTS, C.J., and THOMAS and HOBSON, JJ., concur.