SWANN, Judge.
The will of the decedent, Jed D. Horner, provided, in part, as follows:
“ITEM FIFTEEN
“After payment of debts, taxes (including estate and inheritance taxes) and the expenses of administration of my estate, I give, devise and bequeath all the rest and residue of my estate to *731 the MIAMI BEACH FIRST NATIONAL BANK, Miami Beach, Florida, in trust, to be held, managed, distributed and disposed of, as follows:
“(a) After the payment of costs and expenses of administration of this Trust Estate, the net income therefrom shall be paid, in quarterly or more frequent intervals, to my brother, FRED G. HORNER.
“(b) Upon the death of my brother, FRED G. HORNER, this Trust shall terminate and the corpus, together with any undistributed income, shall be distributed outright and absolutely as follows:
“(1) One-third (i/3) to the PRESBYTERIAN CHURCH, of Lawrence-ville, Illinois.
“(2) One-third (J/3) to the MIAMI HEART INSTITUTE, INC, a nonprofit Florida corporation.
“(3) One-third (1/3) to the SALVATION ARMY, of Miami, Florida.
“(c) This Trust shall be known as the Residuary Trust under the Will of Jed D. Horner.
“(d) In the event my brother, FRED G. HORNER, predeceases me, then my residuary estate shall be distributed outright and absolutely as is provided for the corpus of this Trust in paragraph (b) of this Item.”
* * * * * *
Jed’s brother, Fred G. Horner, died approximately nine months after Jed, before any distribution of the assets or income had been made to him, and before the expenses and taxes due for the administration of Jed’s estate had been paid.
The widow of Fred, as executrix of his estate, filed her amended petition in the County Judge’s Court, Dade County, Florida, for construction of Item Fifteen of the will and for the distribution of the income.
Jed’s executor and a remainderman filed motions to dismiss on the ground that the will was unambiguous and susceptible to only one construction — that since no income had been distributed to brother Fred during his lifetime, the income was distributable to the remaindermen named in the will.
A hearing was held, the petition was dismissed with prejudice and the executrix of Fred’s estate now appeals.
Appellant agrees that there is no factual dispute involved and that the sole question before us is whether the county judge erred in dismissing the petition for construction of the will, as a matter of law.
Item Fifteen of the will provides that the trust estate was to come into being “after the payment of debts, taxes, (Including estate and inheritance taxes) and the expenses of administration of my estate.” It is conceded by the parties that the executor had not made payment of the debts, taxes, and expenses of administration of the estate prior to the death of Fred.
Similarly, the quarterly payments of net income to Fred under the residuary trust were to begin "after the payment of costs and expenses of administration of this Trust Estate.” (Italics added.)
At the time of Fred’s death, Jed’s executor had not yet made payment of the debts, expenses of administration, and estate taxes. Thus, the trust estate had not been funded or come into being at the time of Fred’s death, and consequently, no payment of costs and expenses for the trust estate had been made either. Fred, therefore, was never entitled to a distribution of income. Parenthetically, no argument is made of any undue delay on the part of the executor in making payment of the debts, expenses of administration, or estate taxes.
Had the decedent desired to provide otherwise in his estate, he could have provided that any income earned by the *732 estate, or by the residuary trust estate, should be paid to his brother, Fred G. Horner, absolutely, or without any conditions attached thereto. This was the case of Johnson v. Burleson, Fla.1952, 61 So.2d 170, wherein the decedent provided that the executors should hold in trust the entire estate and pay the income to the decedent’s wife exclusively, without let, hindrance or demand on the part of any persons whatsoever.
The decedent herein used definite and express language which is clear and unambiguous concerning the vesting of the rights of the legatees or devisees under the residuary trust estate.
Section 731.21, Florida Statutes, 1967, F.S.A., provides:
“The death of the testator is the event which vests the right to legacies or devises unless the testator in his will has provided that some other event must happen before a legacy or devise shall vest." (Emphasis added.)
The testator provided by this will that certain other events must happen before the legacy or devise was vested.
Inasmuch as there was never any payment of debts, taxes, or administration of the estate, and there was never any payment of the costs or expenses of the administration of the trust estate, there was never any “net income” from the residuary trust estate.
Therefore, we find that the county judge was correct in the entry of the order herein appealed, and it is
Affirmed.