240 So.2d 318 (1970)
In re Trust under the WILL OF Newell BOWEN, Deceased.
William T. BOWEN, and Bessie Bowen, As Executrix of the Last Will and Testament of Cecil Bowen, Sr., Deceased, Appellants,
v.
MERCANTILE NATIONAL BANK et al., Appellees.
No. 70-186.
District Court of Appeal of Florida, Third District.
October 27, 1970.
Rehearing Denied November 18, 1970.
E. Paul Beatty, Miami, for appellants.
Shutts & Bowen, and Herbert L. Nadeau, Weintraub, Martin, Schwartz & Spector, Miami, for appellees.
Before PEARSON, C.J., and CHARLES CARROLL and BARKDULL, JJ.
PEARSON, Chief Judge.
A beneficiary and the executrix of a beneficiary of a residuary testamentary trust appeal an order of the circuit court denying their petition for distribution. The distribution sought was the payment of benefits *319 under the trust for the period from the date of the death of the decedent who established the trust to the date of the funding of the trust. The circuit judge found that the testamentary trust did not become an effective legal entity until it was actually funded and thereupon held that the trustee was authorized to pay only the named beneficiaries who were living on the date of the funding and to pay the monthly payments designated in the trust only from the date of the funding. We reverse upon a holding that § 731.21 Fla. Stat., F.S.A., requires a holding under the facts of this case that the right to the benefits under the trust vested upon the death of the testator.
The testator Newell Bowen died on January 25, 1967. His will contained a residuary trust which provided in part as follows:
"A. If any of the hereinafter named primary beneficiaries of such residuary estate are living at the time of my death, all of said property shall go to the MERCANTILE NATIONAL BANK OF MIAMI BEACH, Miami Beach, Florida, and to its successors, as TRUSTEE, to be held in trust by it for the uses and purposes as hereinafter set forth.
* * * * * *
"D. Said Trustee shall pay all expenses of the Trust, including compensation of said Trustee, and pay from the net income derived from said Trust Estate, and also, if the said net income is insufficient, from the principal, directly to those of the above named primary beneficiaries who are living during the term of said Trust, the following respective amounts, viz.:
1. To my sister, Louvetta Bowen Agee, $500.00 each month during her lifetime. (If my said sister shall have predeceased me, or upon her death leaving T.C. Agee as her survivor, $300.00 each month to be paid over to said T.C. Agee during his lifetime.)
2. To my brother, Will Bowen, $500.00 each month during his lifetime.
3. To my brother, Cecil Bowen, Sr., $750.00 each month during his lifetime. (If my said brother shall have predeceased me, or upon his death leaving Marie Bowen as his surviving widow, the sum of $200.00 each month to be paid over to said Marie Bowen during her lifetime, or so much thereof that she shall remain the unremarried widow of said Cecil Bowen, Sr. [sic]
4. To Frances Francois, $75.00 each month during her lifetime. (Miss Francois being and having been a faithful and loyal employee)."
In addition the will contained the following expression as to the purpose and intent of the trust.
"F. The primary purpose and intent in creating all trusts hereunder is to provide for the income beneficiaries. The rights and interests of remaindermen are subordinate and incidental to that purpose. The provisions of all such trusts shall be liberally construed by my fiduciary in the interest and for the benefit of the income beneficiaries."
The will was admitted to probate on March 3, 1967. Two years later on March 21, 1969, the County Judge's Court directed the appellee bank to establish its qualification as trustee. The bank qualified as trustee in the circuit court on June 26, 1969. The trust was funded on or about October 1, 1969, and the bank began making payments under its provisions shortly thereafter.
Cecil Bowen whose estate is one of the appellants here, died on September 10, 1969. William T. Bowen, the remaining appellant, is still alive. As above stated, appellant's petition in the circuit court sought distribution of the benefits from the trust from the date of the testator's death. The circuit court ruled that the appellants were not entitled to payments under the trust except those payments *320 which accrued after the trust was funded on October 1, 1969. This appeal is from that order.
Section 731.21, Fla. Stat., F.S.A., provides for the vesting of legacies or devises at the time of the death of the testator unless the testator in his will provided otherwise.[1]
Appellant urges that inasmuch as the rights to the payments under the trust vested immediately upon the testator's death under § 731.21, Fla. Stat., F.S.A., the beneficiaries were entitled to the accrued payments from the time of the testator's death, even though the payment of these benefits may have been necessarily postponed until the funding of the trust. See Cartinhour v. Houser et al., Fla. 1953, 66 So.2d 686; Restatement (Second) of Trusts § 234 (1957).
Appellee Mercantile National Bank of Miami Beach as trustee relies principally upon this court's decision in the case of In re Estate of Horner, Fla.App. 1968, 207 So.2d 730. In that decision we held that where the testator provided by his will that certain events must happen before the legacy or devises were vested, and the payments from the trust were to be made from the "net income" from the residuary trust, then the right to the benefits from the trust did not vest until the designated events occurred and there was "net income" from the residuary trust. The distinguishing factor between the Horner case and the one presently before us is that in the Horner case the quarterly payments of net income to the beneficiary were to begin "after the payment of costs and expenses of the administration of this trust estate", and payments were to be made only from "net income." We thereupon held that inasmuch as the beneficiary in that case died before the payment of costs and expenses and the realization of any "net income" he was expressly precluded from the payment of benefits. The will in the present case provides for payments from the trust to the beneficiaries, not only from the income of the trust, but from the corpus of the trust. In addition the testator expressed in the will, the firm purpose to provide a lifetime income for the beneficiaries. Under these circumstances the trust should be liberally construed for the purpose of providing this income. In re Martin's Estate, Fla.App. 1959, 110 So.2d 421.
We expressly depart from any language in the Horner opinion which might be interpreted to hold that the funding of a trust is essential in every case to the accrual of the right to payments under the trust.
A contrary holding is indicated where the statute and the language of the will, or either, call for a vesting of the right to payments from the trust from the time of the death of the testator.
We, therefore, hold that the order denying petition for distribution was erroneously entered, and the cause is remanded with direction to enter an order providing for the payments from the trust fund of the accrued payments due the appellant, William T. Bowen, from the time of death of the testator Newell Bowen to the time payments were directed in the judgment appealed and for the continuation of the said payments as provided in the judgment appealed.
In addition, the amended judgment shall provide for the payment of the benefits accrued to Cecil Bowen, Sr., deceased, which accrued from the death of the testator Newell Bowen to the date of the death of Cecil Bowen, Sr. These payments, the right to which accrued to Cecil Bowen, Sr., shall be paid to Bessie Bowen as executrix of the last will and testament of Cecil Bowen, Sr.
Reversed and remanded with directions.
NOTES
[1] § 731.21 Vesting of legacies or devises.  The death of the testator is the event which vests the right to legacies or devises unless the testator in his will has provided that some other event must happen before a legacy or devise shall vest.