840 So.2d 446 (2003)
MERLOT COMMUNICATIONS, INC., Appellant,
v.
Alberto Shaul SHALEV, Appellee.
Nos. 3D03-48, 3D02-2440.
District Court of Appeal of Florida, Third District.
March 26, 2003.
*447 Hall, David & Joseph and Andrew C. Hall and Adam S. Hall, Miami, for appellant.
Goldstein, Tanen & Trench and Richard M. Goldstein and Keith R. Gaudioso, Miami, for appellee.
Before GODERICH, GREEN, and FLETCHER, JJ.
PER CURIAM.
Merlot Communications, Inc. [Merlot] seeks to reverse a judgment which denies Merlot's action for the return of deposit money held by Alberto Shaul Shalev. We affirm.
Merlot's plans to acquire World Pass Communications Company from Shalev fell through when Merlot was unable to close on the agreed date. Merlot demanded the return of its deposit money, which demand Shalev rejected. Merlot then filed this action, which was referred to a general master who, after hearing the testimony and arguments, filed a final report recommending that judgment be entered in favor of Shalev, and against Merlot. After overruling Merlot's exceptions to the report, the trial judge approved the report and entered the judgment appealed by Merlot.
We have reviewed de novo the contract (as amended) and agree with the interpretations placed thereon by the trial court, as set out in the general master's thorough report.[1] We also find that the findings of fact are supported by substantial competent evidence. As a consequence the judgment must be affirmed.[2]
Affirmed.
NOTES
[1] The interpretation of a contract is a question of law, reviewable de novo by an appellate court, which is not restricted from reaching a construction contrary to that of the trial court. See Florida Dept. of Revenue v. McClung, 760 So.2d 244, 246 n. 1 (Fla. 3d DCA 2000). We do not, however, reach a contrary construction.
[2] We are not free to reweigh the evidence and substitute our judgment thereon for that of the trial court. See Dusseau v. Metro. Dade County Bd. of County Comm'rs., 794 So.2d 1270 (Fla.2001).