932 So.2d 1241 (2006)
AMERICAN ENGINEERING & DEVELOPMENT CORP., Appellant,
v.
Lorena SANCHEZ, as duly appointed Personal Representative of the Estate of Guillermo Izaguirre, deceased, Appellee.
No. 3D05-2927.
District Court of Appeal of Florida, Third District.
July 12, 2006.
*1242 Adorno & Yoss and Alan B. Whitaker and Alain E. Boileau, Fort Lauderdale, for appellant.
Lidsky, Vaccaro & Montes and Juan C. Montes, Hialeah, for appellee.
Before RAMIREZ, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, American Engineering & Development Corporation ("American Engineering"), appeals a non-final order granting summary judgment in favor of the plaintiff, Lorena Sanchez, as duly appointed Personal Representative of the estate of Guillermo Izaguirre, deceased ("Estate"), finding that American Engineering is not entitled to workers' compensation immunity. We reverse.
Guillermo Izaguirre ("Izaguirre") was employed by Workers Temporary Staffing ("WTS"), a help supply services company. In August 2002, upon American Engineering's request for a temporary worker, WTS sent Izaguirre to a construction site where Sunbelt General Contractors, Inc. ("Sunbelt") was the general contractor and American Engineering was a subcontractor. Although Izaguirre was instructed, supervised, and controlled by American Engineering's personnel while on the job site, Izaguirre was paid directly by WTS. While working on the job site, Izaguirre was crushed to death when a grader ran over him.
Prior to the accident, WTS executed a Hold Harmless and Indemnification Agreement, and Employment and Insurance Agreement ("Hold Harmless Agreement"). As required by the Hold Harmless Agreement, on the date of the fatal accident, WTS maintained workers' compensation insurance.
WTS' workers' compensation carrier, CNA Claims Plus, settled with the Estate for $18,000. However, prior to entering into the settlement, the Estate filed a wrongful death action against American Engineering and Sunbelt. American Engineering and Sunbelt filed motions for summary judgment, seeking workers' compensation immunity. American Engineering argued that it was entitled to statutory workers' compensation immunity under section 440.11(2), Florida Statutes (2002). At the summary judgment hearing, the Estate acknowledged that "under normal circumstances," American Engineering "would be covered under workmen's comp immunity," but that, based on the language contained in the Hold Harmless Agreement, American Engineering was not entitled to the immunity provided in section 440.11(2).
At the hearing, the trial court ruled that it was granting Sunbelt's motion for summary judgment; denying American Engineering's motion for summary judgment; *1243 and based upon the Hold Harmless Agreement, entering summary judgment in favor of the Estate and against American Engineering. After denying American Engineering's motion for rehearing, the trial court entered its written order, denying American Engineering's motion for summary judgment and entering summary judgment in favor of the Estate. This non-final appeal follows.
American Engineering contends that, as a matter of law, it is entitled to workers' compensation immunity pursuant to section 440.11(2), Florida Statutes (2002). We agree.
A trial court's ruling on a motion for summary judgment regarding a pure question of law is reviewed by appellate courts de novo. See Roberts v. Sarros, 920 So.2d 193 (Fla. 2d DCA 2006); Barnier v. Rainey, 890 So.2d 357 (Fla. 1st DCA 2004) ("`The standard of review governing a trial court's ruling on a motion for summary judgment posing a pure question of law is de novo.'")(quoting Major League Baseball v. Morsani, 790 So.2d 1071, 1074 (Fla. 2001)).
"Section 440.11(2), Florida Statutes (2002), extends an employer's immunity from tort liability to work related injuries of employees obtained through a help supply services company and also applies to companies that hire workers through temporary employment agencies." Watson v. Job Corp., 840 So.2d 367 (Fla. 3d DCA 2003).[1] In the instant case, it is undisputed that WTS supplied American Engineering with Izaguirre, a temporary worker, and that while on the job site, Izaguirre was instructed, supervised, and controlled by American Engineering's personnel. As such, Izaguirre was American Engineering's borrowed employee, and American Engineering was entitled to workers' compensation immunity. See Caramico v. Artcraft Indus., Inc., 727 So.2d 348, 349 (Fla. 5th DCA 1999)(holding that a company, which leased employee from employee leasing company, "is immune from suit because of its use of the services of a help supply services company and the provision of worker's compensation benefits by" the help supply services company); Fleming Cos., Inc. v. Moreira, 690 So.2d 1367 (Fla. 3d DCA 1997)(holding that "a temporary employee covered by his general employer's *1244 workers' compensation, but acting under the special employer's exclusive authority and control, is a borrowed servant of the special employer and thereby precluded by the Workers' Compensation Act from maintaining a tort action against the special employer").
The Estate argues that, although American Engineering would normally be entitled to workers' compensation immunity pursuant to section 440.11(2), based on the Hold Harmless Agreement, American Engineering has waived its statutory entitlement to immunity. We disagree.
When an agreement is unambiguous, as is the Hold Harmless Agreement, the interpretation of the contract presents a question of law. See Jaar v. Univ. of Miami, 474 So.2d 239 (Fla. 3d DCA 1985); see also Leisure Resorts, Inc. v. City of West Palm Beach, 864 So.2d 1163, 1166 (Fla. 4th DCA 2003)("The standard of review applicable to contract interpretation is de novo."). Upon review of the Hold Harmless Agreement, which was executed only by WTS, we conclude that there is nothing in that agreement indicating that American Engineering waived its statutory right to immunity. Therefore, we conclude that the trial court reversibly erred by granting summary judgment in favor of the Estate, and in denying American Engineering's motion for summary judgment.
Reversed and remanded.
NOTES
[1] Section 440.11, Florida Statutes (2002), provides in pertinent part as follows:

(1) The liability of an employer prescribed in s. 440.10 shall be exclusive and in place of all other liability of such employer to any third-party tortfeasor and to the employee, the legal representative thereof,... except that if an employer fails to secure payment of compensation as required by this chapter, an injured employee, or the legal representative thereof in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death....
(2) The immunity from liability described in subsection (1) shall extend to an employer and to each employee of the employer which utilizes the services of the employees of a help supply services company, as set forth in Standard Industry Code Industry Number 7363 when such employees, whether management or staff, are acting in furtherance of the employer's business. An employee so engaged by the employer shall be considered a borrowed employee of the employer, and, for the purposes of this section, shall be treated as any other employee of the employer. The employer shall be liable for and shall secure the payment of compensation to all such borrowed employees as required in section 440.10, except when such payment has been secured by the help supply services company.
"Standard Industry Code Industry Number 7363 defines `Help Supply Services' to include, inter alia, employee leasing services, temporary help services, and labor pools." Caramico v. Artcraft Indus., Inc., 727 So.2d 348, 349 (Fla. 5th DCA 1999).