959 So.2d 314 (2007)
Frank David BRYAN, etc., et al., Appellants,
v.
Victoria DETHLEFS, Appellees.
In re Estate of Robert R. Bizzell, Deceased.
Frank David Bryan, etc., et al., Petitioners,
v.
In re Estate of Robert R. Bizzell, et al., Respondents.
Nos. 3D06-2360, 3D06-2441.
District Court of Appeal of Florida, Third District.
May 16, 2007.
*316 Kurzban Kurzban Weinger & Tetzeli and Jed Kurzban and Sandra Paniagua, Miami, for appellants.
Dobbins, Meeks, Raleigh & Dover and Harry S. Raleigh, Jr., Ft. Lauderdale, Reed A. Bryan III, Ft. Lauderdale, Jack Martin Coe, for appellees.
Before FLETCHER and LAGOA, JJ., and SCHWARTZ, Senior Judge.
LAGOA, Judge.
Appellants, potential beneficiaries under the Revocable Living Trust ("the Trust") of Charles L. Bryan ("Bryan"), appeal from a Summary Judgment in favor of the appellee, Victoria Dethlefs ("Dethlefs") in case number 3D06-2360. For the following reasons, we affirm the entry of Summary Judgment.[1]
I. FACTUAL HISTORY
The parties dispute which family members are entitled to inherit Bryan's assets under the Trust. Bryan executed the Trust on October 11, 2000. Article IV, Paragraph 4.1 of the Trust (the "Trust provision") states:
Distribution to Grandson: Upon my death, the then balance of principal and accumulated income remaining in the trust fund shall be distributed to my Grandson, ROBERT R. BIZZELL, if he is living at the time of distribution. If he is not living at the time of distribution then the said trust fund shall be divided into equal shares and distributed, one share to each child who survives me and one share for each child who may then be deceased, leaving descendants then surviving, to be distributed to such descendants, per stirpes. (emphasis added).
On the same day that Bryan executed the Trust he also executed a Last Will and Testament devising the residue of his estate to the Trust.
Bryan died on September 8, 2001, and his will was admitted to probate. Bryan's grandson, Robert R. Bizzell ("Bizzell") was appointed personal representative of the estate and he, along with an accountant, became co-trustees of the Trust. Bizzell *317 and the co-trustee began distributing assets from the Trust to Bizzell in accordance with the Trust provision. Before the distribution of the Trust assets were completed, Bizzell died intestate.
The appellee, Dethlefs, is Bizzell's half-sister and one of the beneficiaries of Bizzell's estate. Dethlefs filed a Motion for Judgment on the Pleadings or Alternatively for Summary Judgment asserting that the Trust provision vested the Trust assets with Bizzell at the time of Bryan's death, and that those assets were therefore part of Bizzell's estate at the time of his death. The appellants argued, however, that the Trust provision was vested the Trust assets only at the time of their distribution, and thus, those assets that had yet to be distributed at the time of Bizzell's death were not part of Bizzell's estate and therefore must be distributed to them as Bryan's remaining descendants. For the foregoing reasons, we agree with Dethlefs.
II. STANDARD OF REVIEW
We review the order granting summary judgment under a de novo standard of review. American Engineering & Development Corp. v. Sanchez, 932 So.2d 1241, 1243 (Fla. 3d DCA 2006); Merlot Commc'ns, Inc. v. Shalev, 840 So.2d 446, 447 (Fla. 3d DCA 2003). The parties agree that the Trust provision is unambiguous and that its effect may be determined as a matter of law.[2]See Angell v. Don Jones Ins. Agency, Inc., 620 So.2d 1012, 1014 (Fla. 2d DCA 1993)("Where the determination of the issues of a lawsuit depends upon the construction of a written instrument and the legal effect to be drawn therefrom, the question at issue is essentially one of law only and determinable by entry of summary judgment.").
III. ANALYSIS
The polestar of trust or will interpretation is the settlor's intent. Arellano v. Bisson, 847 So.2d 998 (Fla. 3d DCA 2003); Phillips v. Estate of Holzmann, 740 So.2d 1, 2 (Fla. 3d DCA 1998). Intent is ascertained from the four corners of the document through consideration of "all the provisions of the will taken together, rather than from detached portions or any particular form of words. This rule prevails whether the entire will or some specific clause or part of it is being construed." Sorrels v. McNally, 89 Fla. 457, 462-63, 105 So. 106, 109 (1925). In construing the instrument as a whole, the court should take into account the general dispositional scheme. Pounds v. Pounds, 703 So.2d 487, 488 (Fla. 5th DCA 1997). The meaning applied, however, cannot lead to absurd results. Roberts v. Sarros, 920 So.2d 193, 196 (Fla. 2d DCA 2006).
Additionally, the law favors the early vesting of estates. Lumbert v. Estate of Carter, 867 So.2d 1175, 1179 (Fla. 5th DCA 2004)(citing Sorrels v. McNally, 89 Fla. 457, 105 So. 106 (1925)). As this Court stated in Estate of Rice v. Greenberg, 406 So.2d 469 (Fla. 3d DCA 1981), any doubt as to whether an interest is vested or contingent should be resolved in favor of vesting:
This Court is committed to the doctrine that remainders vest on the death of the testator or at the earliest date possible *318 unless there is a clear intent expressed to postpone the time of vesting. It is also settled that in case of doubt as to whether a remainder is vested or contingent, the doubt should be resolved in favor of its vesting if possible, but these general rules all give way to the cardinal one that a will must be construed so as to give effect to the intent of the testator.
406 So.2d at 473 (quoting Krissoff v. First Nat. Bank of Tampa, 159 Fla. 522, 32 So.2d 315 (1947)). Accordingly, no estate should be held to be contingent "unless very decided terms are used" and "unless there is a clear intent to postpone the vesting." Sorrels, 89 Fla. at 467, 105 So. at 110. Indeed, "[t]he presumption that a legacy was intended to be vested applies with far greater force, where a testator is making provision for a child or grandchild, than where the gift is to a stranger or to a collateral relative." Sorrels, 89 Fla. at 467, 105 So. at 110.
Finally, if a trust vests at the settlor's death, then "the death of the beneficiary before it becomes payable does not cause the legacy or devise to lapse." Sorrels, 89 Fla. at 465, 105 So. at 110. Similarly, where a settlor intends a trust to vest upon the testator's death, benefits accrue to the beneficiaries from the time of the death, not the subsequent time that the trust was funded. In re Bowen's Will, 240 So.2d 318, 320 (Fla. 3d DCA 1970).
Given these legal principles, we find that the language of the Trust provision can only have the legal effect of vesting the trust assets in Bizzell upon Bryan's death. The Trust provision mandates distribution "[u]pon my death." The last clause of the sentence, "if he is living at the time of distribution," must be interpreted in the context of the entire sentence and can only lead to the conclusion that the time of distribution intended by Bryan was at his death. The clause "if he is living at the time of distribution" does not establish a requirement that the assets be distributed before Bizzell's right vested.
Moreover, the Trust provision does not require that some other event, such as an age requirement, occur before the devise vests. Contrary to the appellants' contention that the distribution is the event which vests the assets in Bizzell, the provision can be read only to require that Bizzell be living at the time of Bryan's death in order for the assets to vest. There is no doubt in this case that Bizzell met the testator's explicit survival requirements.[3] Therefore, Bizzell's death did not divest his estate of its interest in the assets of the Trust that remained to be distributed. Sorrels, 89 Fla. at 465, 105 So. at 110. Accordingly, we affirm the summary judgment entered below and affirm the non-final order entered below ordering the liquidation of an asset of the Bryan estate.
Affirmed.
NOTES
[1] In case number 3D06-2441, the Appellants separately filed a petition for certiorari to quash a subsequent non-final order of the trial court ordering the liquidation of an estate asset. We treat that petition as a non-final appeal pursuant to Florida Rule of Appellate Procedure 9.130 and affirm that order as well.
[2] In their Reply, Appellants argue that parol evidence should be considered in construing the Trust provision since both sides ascribe different meanings to the language of the Trust provision. We disagree. "The fact that both sides ascribe different meanings to the language does not mean the language is ambiguous so as to allow the admission of extrinsic evidence." See Kipp v. Kipp, 844 So.2d 691, 693 (Fla. 4th DCA 2003). Because we find no ambiguity in the language of the Trust provision, it would be inappropriate for this Court to consider parol evidence.
[3] Paragraph 8.1 of the Trust provides for a 90 day survivorship requirement for any beneficiary.