LAGOA, J.
Casino Investment, Inc. (“Casino”) appeals from a partial final summary judgment entered in favor of Palm Springs Mile Associates, Ltd. (“Palm Springs”), which permanently enjoined Casino from constructing a building on its own property. Because we hold that the trial court erred in determining that Casino’s proposed construction was barred under the Declaration of Easement as a matter of law, we reverse.
I. FACTUAL AND PROCEDURAL HISTORY
Palm Springs is the owner of the Palm Springs Mile Shopping Center (“Shopping Center”). On or about April 16, 1993, Palm Springs created and recorded a Declaration of Easement (hereinafter “Easement”), which covers the entire Shopping Center property. The Easement is a reciprocal easement for parking and ingress and egress.
In 1999, Casino acquired title to a parcel contained within the Shopping Center, and in 2007 it sought to construct a freestanding 2,800 square foot building on the north end of its property. Casino’s proposed construction would occupy a portion of the parking area on its property and would eliminate approximately fifteen to twenty parking spaces. Palm Springs opposed construction of the building and filed a complaint for declaratory relief, alleging that the proposed construction violated the easement. Casino answered and filed a counterclaim.[1] In April 2009, Palm Springs sought and obtained a temporary injunction to enjoin Casino from proceeding with construction.
In May 2012, Palm Springs filed a motion for partial summary judgment on its claim for declaratory relief. Palm Springs argued that Casino’s proposed construction violated the easement because the building would cover a significant portion of the parking area, which must remain available for parking and other access to the tenants and customers of the Shopping Center. A summary judgment hearing was held and the trial court granted Palm Springs’ motion. The trial court found that Casino’s proposed construction violated “the clear and unambiguous terms of the Declaration of Easement.” The trial court entered a declaratory judgment in favor of Palms Springs and permanently enjoined Casino from its proposed construction.[2] This appeal timely followed.
II. STANDARD OF REVIEW
The standard of review for a summary judgment is de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla.2000). The parties agree that the Easement provisions are unambiguous and that their effect may be determined as a matter of law. See Bryan v. Dethlefs, 959 So.2d 314 (Fla. 3d DCA 2007). “The fact that both sides ascribe different meanings to the language does not mean the language is ambiguous.” Id. at 317, n. 2 (quoting Kipp v. Kipp, 844 So.2d 691, 693 (Fla. 4th DCA 2003) (construction of contract language can differ as to interpretation but it can still be unambiguous)).
III. ANALYSIS
At issue are two provisions of the Easement, the Impediment Provision and the Parking Provision. Both Palm Springs and Casino contend these provisions are *100 clear and unambiguous, but Palm Springs contends they prohibit Casino’s proposed construction, while Casino argues that they do not. We agree that the provisions are clear and unambiguous, and address each provision separately.
A. Impediment Provision
The Impediment Provision provides as follows:
2. (a) In the event that a conveyed portion of the Property (the “Conveyed Portion(s)”) is contiguous to a part of the Property owned and operated by Owner, its successors and/or assigns, both parties agree that no fence or other obstruction will be erected between the Conveyed Portion(s) and the adjacent Property so as to obstruct or impede vehicular and pedestrian traffic between the two parcels of land.
Palm Springs argues that Casino’s proposed construction violates the Impediment Provision of the Easement because it constitutes an “obstruction” which would “obstruct or impede vehicular and pedestrian traffic between the two parcels of land.” Casino contends that this is an access easement and the focus of the Impediment Provision is access between Casino’s property and Palm Springs’ property; Casino therefore contends that the provision does not apply to construction that occurs solely on Casino’s property, particularly when that construction leaves access open from one end of the Shopping Center to the other, as Casino’s proposed construction would.
We find that Casino’s argument has merit. Casino’s proposed construction would have no effect upon ingress and egress, as no point of ingress and egress would be removed from the Shopping Center. The building would occupy a space at the north end of the shopping center presently occupied by a large existing planter and adjacent parking spaces. The only east/west access that extends throughout the entire shopping center is the central east/west access denominated in the record as the “existing drive.” The proposed building would not affect that access at all. Instead, the proposed construction would eliminate only a parking lane located entirely on Casino’s property; and the access points for ingress and egress and travel between the two properties remain the same. Because the proposed construction would not “obstruct or impede vehicular and pedestrian traffic between the two parcels of land,” we find that the trial court erred in concluding that, as a matter of law, the Impediment Provision of the Easement barred the proposed construction.
We turn to the second provision at issue.
B. Parking Provision
Palm Springs contends that the proposed construction also violates the Parking Provision because it would eliminate parking spaces on Casino’s property, which the Parking Provision requires “be available for use by the parties.” Casino contends that the Parking Provision does not serve as a bar to its proposed construction because it does not require Casino to maintain a particular number of parking spaces on its property, but rather, merely grants equal access to all shopping center customers and tenants of whatever parking spaces it does maintain.
The Parking Provision, which immediately follows the Impediment Provision, provides as follows:
In addition, any parties affected by this Agreement agree that the parking areas, sidewalks and “common areas” of the shopping center and of the Conveyed Portion(s) will be available for use by the parties hereto, their tenants, cus *101 tomers, invitees and employees, in common with each other so that, in effect, the purchaser of the Conveyed Portion(s), its tenants, customers, invitees and employees, may use the so-called “common areas” of the adjacent shopping center in common with Owner, its tenants, customers, invitees and employees; and, by the same token, Owner, its tenants, customers, invitees and employees, may use the parking areas and sidewalk areas of the Conveyed Portion(s) in common with the new owner, its tenants, customers, invitees and employees.
The clear, unambiguous language in the Parking Provision gives Palm Springs the right to use the parking areas and sidewalks of the Conveyed Portion (Casino’s property) in common with Casino, the new owner. Moreover, the Easement’s repeated use of the phrase “in common with,” makes clear that its intended “effect” was to allow the parties equal access to the parking areas located on each party’s respective property. As Casino correctly points out, the Easement makes no mention of any requirement that either party maintain a certain number of parking spaces or a certain parking configuration. See, e.g., Green Cos., Inc. of Fla. v. Kendall Racquetball Invs., Ltd., 560 So.2d 1208 (Fla. 3d DCA 1990) (stating that easement required each lot owner to provide parking spaces for the use of customers, tenants and employees, but also provided, in substance, that customers, licensees, and invitees would be able to park in any available parking space anywhere on the property). As such, we find that the trial court erred in finding that, as a matter of law, the proposed construction was barred by the Parking Provision of the Easement.
IV. CONCLUSION
Based on the foregoing, we hold that the trial court erred in ruling that, as a matter of law, Casino’s proposed construction was barred under the Easement. We find that the clear and unambiguous provisions of the Easement do not expressly bar Casino’s proposed construction. Accordingly, we reverse the trial court’s entry of partial final summary judgment in favor of Palm Springs, reverse the trial court’s permanent injunction, and remand for further proceedings.
REVERSED AND REMANDED.

. Casino subsequently filed a Second Amended Counterclaim for Declaratory and Injunc-tive Relief, which remains pending below.

. The trial court retained jurisdiction over Casino’s counterclaims.