# Third District Court of Appeal

## State of Florida

Opinion filed January 14, 2015.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D12-2257
Lower Tribunal No. 07-41933

————————————

**Casino Investment, Inc.,**
Appellant,

vs.

**Palm Springs Mile Associates, Ltd.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Spencer Eig, Judge.

Philip D. Parrish; Richard W. Gross, for appellant.

Coffey Burlington, P.L., and Kendall B. Coffey and Kevin C. Kaplan, for appellee.

Before SHEPHERD, C.J., and WELLS and LAGOA, JJ.

ON MOTION TO ENFORCE MANDATE

LAGOA, J.

Casino Investment, Inc. ("Casino") filed this Motion to Enforce Mandate based upon our decision in <u>Casino Investment, Inc. v. Palm Springs Mile</u>

Associates Ltd., 123 So. 3d 98 (Fla. 3d DCA 2013). We grant the motion and direct the trial court to enter final declaratory judgment in favor of Casino.

The appellee, Palm Springs Mile Associates, Ltd. ("Palm Springs"), owns a shopping center. Palm Springs opposes Casino's proposed construction on a parcel Casino owns within the shopping center. To that end, Palm Springs filed a single count complaint for declaratory relief alleging that Casino's proposed construction violates relevant portions of a Declaration of Easement which covers the shopping center. On appeal, this Court reversed the trial court's granting of declaratory judgment in favor of Palm Springs,[1] and reversed the trial court's permanent injunction on Casino's proposed construction:

> Based on the foregoing, we hold that the trial court erred in ruling that, as a matter of law, Casino's proposed construction was barred under the Easement. We find that the clear and unambiguous provisions of the Easement do not expressly bar Casino's proposed construction. Accordingly, we reverse the trial court's entry of partial final summary judgment in favor of Palm Springs, reverse the trial court's permanent injunction, and remand for further proceedings.

Casino, 123 So. 3d at 101. On remand, Casino moved for a final declaratory judgment in its favor. The trial court entered an order denying the motion, and instead granted Palm Springs leave to amend its complaint.[2]

---

[1] As this Court pointed out in our original opinion, when the trial court entered declaratory judgment in favor of Palm Springs, it specifically retained jurisdiction over Casino's then-pending Second Amended Counterclaim for Declaratory and Injunctive Relief. Casino, 123 So. 3d at 99 n.2. Casino concedes that its counterclaim was rendered moot by our decision in Casino and will be voluntarily dismissed without prejudice upon entry of final declaratory judgment in its favor.

2

In Casino, this Court found that the Declaration of Easement unambiguously permitted the proposed construction.  Id.  As a result, we held that the trial court erred in ruling that the proposed construction was barred by the Declaration of Easement and erred in entering declaratory judgment in favor of Palm Springs on that basis.  Id.  Accordingly, on remand, the trial court was without discretionary power to deny Casino's motion for final declaratory judgment on the merits of Palm Springs' single count complaint for declaratory relief.  See Torres v. Jones, 652 So. 2d 893, 894 (Fla. 3d DCA 1995) ("[I]t was error for the trial court to modify the final judgment on remand, and to change the law of the case as determined by the highest court hearing the case."); Hessen v. Metro. Dade Cnty., 569 So. 2d 887 (Fla. 3d DCA 1990) (granting motion to enforce mandate where trial court's class certification on remand altered this Court's determination regarding the class representative in first appeal); see also Gardner v. Nioso, 108 So. 3d 1122 (Fla. 1st DCA 2013).

The motion to enforce the mandate is granted, and the trial court is directed to enter final declaratory judgment in favor of Casino and against Palm Springs.

Reversed and remanded for consistent proceedings.

---

2  Although it is undisputed that Casino is not currently proceeding with construction on its parcel, Palm Springs sought to amend its complaint to allege counts for nuisance, trespass, and tortious interference with business relationship. As with Palm Springs' declaratory action, the Amended Complaint relies upon the relevant portions of the Declaration of Easement, and alleges that Casino "has initiated action that would create a serious and substantial violation of the Declaration of Easement."