# Third District Court of Appeal

## State of Florida

Opinion filed October 5, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D16-356 & 3D16-753
Lower Tribunal No. 15-25007
_____

**Charbonier Food Services, LLC, etc.,**
Appellant,

vs.

**121 Alhambra Tower, LLC, etc.,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Fowler Rodriguez, Michael A. Rosen and Santiago J. Padilla, for appellant.

Roth & Scholl and Jeffrey C. Roth, for appellee.

Before ROTHENBERG, EMAS and FERNANDEZ, JJ.

EMAS, J.

In these consolidated appeals, appellant Charbonier Food Services, LLC ("Charbonier") appeals from an order requiring Charbonier to deposit rental monies into the registry of the court, and a subsequent final judgment of eviction. Charbonier appeals the first order on the basis that the court erred in interpreting the rental clause in a ten-year commercial lease agreement between Charbonier and appellee, 121 Alhambra Tower, LLC ("Alhambra"), and thus erroneously ordered Charbonier to deposit additional rents into the court registry. This court has jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c)(ii). For the reasons that follow, we reverse and remand for further proceedings.

Charbonier has owned and operated a restaurant in Alhambra's Coral Gables office building since August 2011, pursuant to a lease agreement. The provision of the lease at issue, which establishes the rental rates, is found in paragraph fifty-one, and provides:

51. BASE RENT:

Base Rent shall be the greater of A – Fixed Base Rent and B – Percentage Rent below. Within 15 days following the end of the month, TENANT shall submit the gross sales for the preceding month to the LANDLORD. Within 5 days of LANDLORD'S receipt of the gross sales, LANDLORD shall notify TENANT of the Base Rental TENANT shall pay.

A. Fixed Base Rent Schedule:

| Lease Year | Base Rental Per Month |
|---|---|
| 1 | $4,000.00 |

2

|    |            |
|----|------------|
| 2  | $6,000.00  |
| 3  | $6,180.00  |
| 4  | $6,365.40  |
| 5  | $6,556.36  |
| 6  | $6,753.05  |
| 7  | $6,955.64  |
| 8  | $7,164.31  |
| 9  | $7,379.24  |
| 10 | $7,600.62  |

B.    Percentage Rate calculated as follows:

1.    Six percent (6%) of gross sales under gross sale of Two Hundred Seventy Five Thousand dollars ($275,000) and,

2.    Eight percent (8%) of gross sales over gross sales of Two Hundred Seventy Five Thousand dollars ($275,000)

If the Percentage Rent results in $10,000.00 of monthly rent over the Fixed Base Rent beginning January 2015, then $10,000.00 shall be added to the Fixed Base Rent, however, in no event shall the minimum Base Rental beginning January 2015 exceed $18,500 per month. Further, beginning January 1, 2015, the monthly Percentage Rent due shall be reduced by the Additional Fixed Base Rent shown below.

| Dates | **Current** Fixed Base Rent per Month | **Additional** Fixed Base Rent per Month | **New** Fixed Base Rent |
|-------|------------------|------------------|------------------|
| Oct -11 | $4,000.00 | | |
| Oct -12 | $6,000.00 | | |
| Oct -13 | $6,180.00 | | |
| Oct -14 | $6,365.40 | | |
| Oct -15 | $6,556.36 | $10,000.00 | $16,556.36 |
| Oct -16 | $6,753.05 | $10,300.00 | $17,053.05 |
| Oct -17 | $6,955.64 | $10,609.00 | $16,564.64 |
| Oct -18 | $7,164.31 | $10,927.27 | $18,091.58 |
| Oct -19 | $7,379.24 | $11,255.09 | $18,500.00 |

Oct -20        $7,600.62            $11,592.74                $18,500.00

It is undisputed that, during the first four years of the lease, Charbonier paid all required rent and other charges. In October 2015, however, Alhambra began charging Charbonier an additional $10,000 per month in rent, which Alhambra asserted was provided for in paragraph fifty-one of the lease. Charbonier disputed Alhambra's interpretation of that paragraph, and it tendered a check to Alhambra in the amount of $7,622.25 for payment of the September rent, representing the base rental, sales tax upon the base rental, and the reimbursable utility charges. Thereafter, on October 26, 2015, Alhambra sent a seven-day notice to Charbonier to pay rent or deliver the possession of premises, claiming Charbonier was indebted to Alhambra in the amount of $10,700.00

Charbonier filed an action in the court below for a declaratory judgment. Alhambra subsequently counterclaimed, seeking eviction and damages for Charbonier's refusal to pay the additional rent as required under the lease. Alhambra also filed a motion to require Charbonier to deposit all of the disputed rent into the court registry pursuant to section 83.232, Florida Statutes (2015). On February 8, 2016, the trial court held a hearing on the Motion and heard argument from counsel. Following the hearing, the court agreed with Alhambra's interpretation of the rental fee provision and issued its order requiring Charbonier to deposit into the court registry one-half of the disputed rent and sales tax accrued since October, 2015 (ie. $10,700 x 5 = $53,500 x 1/2 = $26,750.00), plus an

4

additional $5,350.00 monthly commencing March, 2016, said amount representing one-half of the additional disputed rent plus sales tax. This appeal followed.[1]

At issue herein is whether the trial court interpreted paragraph fifty-one of the lease according to its plain and ordinary terms. While both parties assert the language of paragraph fifty-one is plain and unambiguous, their proposed constructions of that language are diametrically opposed.

We review a trial court's interpretation of a contract under a de novo standard. Merlot Commc'ns, Inc. v. Shalev, 840 So. 2d 446 (Fla. 3d DCA 2003). Where a contract is unambiguous, it shall be enforced according to its plain language. Hahamovitch v. Hahamovitch, 174 So. 3d 983 (Fla. 2015); Washington Nat. Ins. Corp. v. Ruderman, 117 So. 3d 943 (Fla. 2013). In such a situation, the trial court must confine itself to the four corners of the contract, because "the language itself is the best evidence of the parties' intent, and its plain meaning controls." Crawford v. Barker, 64 So. 3d 1246, 1255 (Fla. 2011) (quoting Richter v. Richter, 666 So. 2d 559, 561 (Fla. 4th DCA 1995)).

However, if a contract is ambiguous, the court must construe it pursuant to the parties' intent. Ruderman, 117 So. 3d at 954-55 (citing Se. Fire Ins. Co. v.

---

[1] Charbonier did not deposit the additional rents into the court registry and, as a result, the trial court entered a final judgment of eviction, from which Charbonier filed its notice of appeal. We later consolidated the appeals, as both parties agreed that this court's decision regarding the propriety of the first order would be determinative of the appeal from the final judgment of eviction.

<u>Lehrman</u>, 443 So. 2d 408, 408–09 (Fla. 4th DCA 1984)). "A contract is ambiguous when its language is reasonably susceptible to more than one interpretation, or is subject to conflicting interests." <u>Real Estate Value Co., Inc. v. Carnival Corp.</u>, 92 So. 3d 255, 260 (Fla. 3d DCA 2012) (quoting <u>Pan Am. W., Ltd. v. Cardinal Commercial Dev., LLC</u>, 50 So. 3d 68, 71 (Fla. 3d DCA 2010)).

Upon our de novo review of the lease agreement as a whole, and the provisions of paragraph fifty-one in particular, we conclude that the language is neither clear nor unambiguous. Rather, the language is ambiguous and susceptible to more than one reasonable interpretation. We are unable to ascertain the intent of the parties from the plain language of the agreement, and therefore cannot determine the amount of rent Charbonier owed to Alhambra under the lease for the relevant time period.

Given this ambiguity, we conclude the trial court must consider extrinsic evidence, not to change or vary the terms of the agreement, but only to "explain, clarify or elucidate" the ambiguity. <u>Friedman v. Virginia Metal Prods. Corp.</u>, 56 So. 2d 515, 516 (Fla. 1952). Through the consideration of extrinsic evidence, the trial court may ascertain the parties' intent at the time of the formation of the agreement, and thereby properly determine Charbonier's rental obligation to Alhambra.[2]

---

[2] In interpreting paragraph fifty-one, the trial court stated that it considered only the express terms of the provision, and that it did not consider any extrinsic evidence

We therefore reverse the order requiring Charbonier to deposit rental monies into the registry of the court. We also reverse the subsequent final judgment of eviction. We remand this cause to the trial court for further proceedings consistent with this opinion.

---

in its determination.