# Third District Court of Appeal

## State of Florida

Opinion filed January 12, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1118
Lower Tribunal No. 17-16674
_____

**J.M.,**
Appellant,

vs.

**A.J.D.,**
Appellee.

An appeal from non-final orders from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, and Peter Holden, Judges.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellant.

Velegal PLLC, and Laline Concepcion-Veloso, for appellee.

Before EMAS, HENDON, and MILLER, JJ.

MILLER, J.

*ON MOTION TO ENFORCE MANDATE*

Appellee, A.D., the mother, has filed a motion to enforce our mandate in J.M. v. A.J.D., 318 So. 3d 564 (Fla. 3d DCA 2021).  "It is a bedrock principle that 'the judgment of an appellate court, where it issues a mandate, is a final judgment in the cause.'"  State v. Okafor, 306 So. 3d 930, 933 (Fla. 2020) (quoting O.P. Corp. v. Vill. of N. Palm Beach, 302 So. 2d 130, 131 (Fla. 1974)).  The mandate communicates the judgment to the lower court and directs the action to be taken.  Tierney v. Tierney, 290 So. 2d 136, 137 (Fla. 2d DCA 1974).  As a result, the trial court's role is "purely ministerial, and its function is limited to obeying the appellate court's order or decree."  Torres v. Jones, 652 So. 2d 893, 894 (Fla. 3d DCA 1995).  Thus, "a trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so."  Cone v. Cone, 68 So. 2d 886, 887 (Fla. 1953).

In this case, we affirmed an order of the circuit court overruling exceptions and ratifying the report of a hearing officer.[1]  In the underlying report, the hearing officer determined that the parties entered into a binding stipulation that the father would render temporary child support in the monthly amount of $3,167.00 until such time as the trial commenced.  The father violated the stipulation on multiple occasions.  The hearing officer

---

[1] The exceptions were raised in the form of a motion to vacate.

2

determined arrearages were due and ordered the father to continue paying monthly until his obligation was relieved by way of court order. The circuit court approved the decision of the hearing officer, and we affirmed in all respects.

In her motion to enforce the mandate, the mother contends the father remains delinquent in his obligations. The father inexplicably responds by attempting to further litigate the propriety of our underlying decision and further contends the mother has unclean hands because she has refused to accept a subsequent settlement offer. Although the parties have differing views with regard to the chronology of the case and it is indisputable that substantial delays have been precipitated by a succession of trial court judges, it is axiomatic that the father has yet to satisfy the arrearages. Accordingly, we grant the motion to enforce the mandate and direct the trial court to swiftly take affirmative steps to require compliance with our mandate. See Casino Inv., Inc. v. Palm Springs Mile Assocs., Ltd., 201 So. 3d 46, 47 (Fla. 3d DCA 2015). This includes calculating the arrearages that are due and enforcing payment of the delinquent support obligations.

Motion granted.