# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0544
Lower Tribunal No. 20-1764-CA-01
_____

**Burke Construction Group, Inc.,**
Appellant,

vs.

**1170 Supermarket, LLC, etc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Elder & Lewis, P.A., and David R. Elder and Kerry H. Lewis, for appellant.

Agentis PLLC, and Javier J. Rodriguez and Izabella Mojica, for appellee.

Before GORDO, BOKOR and GOODEN, JJ.

PER CURIAM.

Affirmed. See Haas Automation, Inc. v. Fox, 243 So. 3d 1017, 1023 (Fla. 3d DCA 2018) ("We review a judgment rendered after a bench trial to ensure that the trial court's findings of fact are supported by competent, substantial evidence. We review the trial court's purely legal conclusions *de novo*.") (citations omitted); Marsh v. Marsh, 419 So. 2d 629, 630 (Fla. 1982) ("The credibility of the witnesses and the weight given their testimony, however, is a question for the trial court."); Martin v. Martin, 43 So. 3d 195, 196 (Fla. 4th DCA 2010) ("The trial court has wide discretion in evaluating the credibility of evidence and witnesses."); see also Lefemine v. Baron, 573 So. 2d 326, 328 (Fla. 1991) ("It is well settled that in Florida the parties to a contract may stipulate in advance to an amount to be paid or retained as liquidated damages in the event of a breach."); Charbonier Food Servs., LLC v. 121 Alhambra Tower, LLC, 206 So. 3d 755, 758 (Fla. 3d DCA 2016) ("Where a contract is unambiguous, it shall be enforced according to its plain language. In such a situation, the trial court must confine itself to the four corners of the contract, because the language itself is the best evidence of the parties' intent, and its plain meaning controls.") (citation omitted).